## (October 26, 1944.)

In the Matter of Marvin A. Rauch, Respondent, against S. Howard Cohen et al., Constituting the Board of Elections of the City of New York, Respondents, and Louis Walter et al., Appellants.— In view of the decision on the appeal from the final order in *Matter of Rauch* v. *Cohen* (*post*, p. 879, decided herewith), the appeal from the intermediate order dated October 10, 1944, is dismissed, without costs. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

In the Matter of Marvin A. Rauch, Respondent, against S. Howard Cohen et al., Constituting the Board of Elections of the City of New York, Respondents, and Louis Walter et al., Appellants.— In a special proceeding under the Election Law, three candidates named for public office under the emblem of the Liberal Party appeal from a final order dated October 24, 1944, rejecting, as invalid,

the petition nominating said candidates. Order reversed on the law and the facts, without costs, and the matter remitted to the Special Term for further hearing. As to the 417 signatures upon the petition for the offices of Congressman and Senator, and as to the 288 signatures upon the petition for the office of Assemblyman, which are alleged to be invalid because of the failure of the signers thereafter to register, such signatures may not be struck out unless the court first determines, by appropriate proof, that the signers are not, in fact, registered and eligible to vote in the coming election. (Election Law, §§ 137, 311; *Matter of King* v. *Cohen*, 293 N. Y. 435.) Appellants should be granted opportunity to rebut petitioner's prima facie proof. As to the 755 signatures upon the petition for the offices of Congressman and Senator, and as to the 291 signatures upon the petition for the office of Assemblyman, which have been declared invalid for various other reasons set forth by the Board of Elections in its report dated August 30, 1944, independent proof may be received, apart from the Board of Election's report, tending to show the validity or invalidity of such signatures. That report, while admissible in evidence, is only prima facie proof of its contents and may be rebutted. Appellants should be granted an opportunity to furnish such rebuttal. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [See *post*, p. 885.]