Gabrielli, J.
(dissenting). I respectfully dissent. By its decision today, this court needlessly complicates that speedy process for the resolution of disputes concerning the validity of designating petitions which is contemplated by article 16 of the Election Law. The court now mandates the use in such proceedings of certain procedural devices more appropriate in the context of a full-blown action at law than in an abbreviated special proceeding. It has done so, moreover, in the absence of any authority, statutory or otherwise, for such a rule.
The majority suggests that in order to bring before the court the question of the validity of those signatures deemed invalid by the Board of Elections, the candidates were required either to commence a proceeding to validate their petitions or to serve a responsive pleading of some undisclosed nature. Neither procedure is contemplated or authorized by the Election Law. Nowhere in the Election Law is there any requirement that a prospective candidate commence any court proceeding in order to validate his petitions. A proceeding concerning the nomination or designation of a candidate may only be commenced "by any aggrieved candidate, or by the chairman of any party committee or by a person who shall have filed objections” (Election Law, § 16-102, subd 1). Respondents are candidates, not party chairmen, and it is certainly unlikely that they would file objections to their own petitions. Nor were they "aggrieved candidates” following the determination of the Board of Elections, since that body refused to invalidate their petitions. I find it difficult to comprehend how a candidate who is on the ballot could be considered aggrieved by the decision that placed him there. Hence, these respondents were without standing to commence a proceeding to validate their petitions.
Nor does the Election Law call for any responsive pleadings in a proceeding such as this. Due to the obvious and sometimes painful time constraints which necessarily govern these proceedings, special procedures have been developed to expe *623 dite the resolution of such disputes. Thus, section 16-116 of the Election Law provides that such a proceeding "shall be heard upon a verified petition and such oral or written proof as may be offered, and upon such notice to such officers, persons or committees as the court or justice shall direct, and shall be summarily determined”. There is ordinarily no opportunity in such a proceeding for the service of any responsive pleadings, for time is plainly of the essence. Indeed, although the majority blithely speak of the possibility of some type of responsive pleadings, the court nowhere suggests any authority or source mandating such a device nor does it indicate what sort of time span it would deem appropriate for the service of such papers. Presumably the majority is speaking in terms of an answer of some sort. Short of a provision in an order to show cause bringing on the matter specifying the time for filing of such a pleading and the nature of its content the procedure suggested by the majority is simply unworkable within the context of an election proceeding; and is a step backwards in the early resolution of election cases, especially since in a number of instances, as here, the respondents are required by financial considerations to appear pro se.
Finally, I note that the majority erroneously considers this to be a proceeding brought to invalidate certain specific signatures, and concludes that accordingly the court is precluded from considering any signatures other than those challenged. This is not an accurate description of the proceeding. A proceeding such as this seeks to invalidate the petition of the candidate, not merely some of the signatures on it. By commencing this proceeding, petitioners themselves put in issue the validity of all signatures on the petitions. Nevertheless respondents were improperly foreclosed by both the referee and Supreme Court from defending the validity of all the signatures on the petition. In order to determine whether a petition is to be invalidated and so deprive the supporters of the candidate in question of their opportunity to exercise the franchise as they wish, the court must look to the entire petition, and must evaluate all the signatures on the petition to determine whether there exist sufficient valid signatures to sustain the petition. In making this decision, the court is not bound by the prior evaluation of the validity of the signatures by the Board of Elections (see Matter of Rauch v Cohen, 268 App Div 879, 880). To hold that the court must blind itself to the bulk of the petition before it, and simply consider those *624 signatures objected to by the petitioners, makes little or no sense at all.
Accordingly, I vote to reverse the order of the Appellate Division and to remit the matter to Supreme Court, New York County, for further proceedings.
Judges Jasen, Jones, Wachtler and Fuchsberg concur; Judge Gabrielli dissents and votes to reverse in an opinion in which Chief Judge Cooke and Judge Meyer concur.
Order affirmed, without costs, in a memorandum.