■ In the Matter of THOMAS S. PARKER et al., Respondents, v V. JAMES CHIAVAROLI et al., Constituting the Board of Elections of the County of Monroe, Appellants, and KEN MOORE, Respondent.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: The subscribing witness to the independent nominating petition incorrectly listed the town of his residence as required by subdivision 1 of section 6-140 of the Election Law. We reverse on the authority of Matter of Higby v Mahoney (48 NY2d 15) and Matter of Vari v Hayduk (42 NY2d 980). (Appeal from order of Monroe Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Callahan and Doerr, JJ. (Decided Oct. 12, 1979.)

■ In the Matter of VINCENT B. CAMPBELL, Respondent-Appellant, v V. JAMES CHIAVAROLI et al., Constituting the Board of Elections of the County of Monroe, et al., Respondents, and HAROLD MILTSCH, Appellant-Respondent. —Order insofar as it denies the cross petition to validate the signature of A. Joyce Cerame reversed and matter remitted to Special Term, Monroe County, for further proceedings in accordance with memorandum: The only issue for our determination on this appeal is whether the Board of Elections properly invalidated the signature of "A. Joyce Cerame" residing at 216 Heritage Drive, Town of Greece, on the Independent nominating petition of Harold Miltsch as an Independent candidate for Monroe County Legislature, Seventh District. The voter registration books contain the name "Ann J. Cerame" residing at 216 Heritage Drive, Town of Greece. The basis for the action of the Board of Elections in invalidating the signature and Special Term's confirmation does not appear in this record. The matter is remitted for appropriate proof on the issue of whether "the identity of the signer as a registered voter can readily be established by reference to the signature on the petition and that of a person whose name appears in the registration poll ledgers." (Election Law, § 6-134, subd 7; Matter of Ficks v Sullivan, 185 Misc 649, 650; see Matter of Rauch v Cohen, 268 App Div 879.) Inasmuch as the court's determination on remittal as to the validity of the Cerame signature will determine the validity of the nominating petition, the court is directed to reconsider its decision in this regard in the light of its determination as to the Cerame signature. All concur, except Dillon, P. J., and Schnepp, J., who dissent and vote to affirm the order in the following memorandum.

Dillon, P. J., and Schnepp, J. (dissenting). While we agree that Special Term properly declined to consider an objection to the signature of one "Everett Turner", we depart from the majority view that the issue of the validity of the signature of one "A. Joyce Cerame" should be remitted to Special Term. The relevant documents which this court is authorized to review (see Election Law, § 6-134, subd 7) are included in the record. The registration poll ledger reflects that one "Ann J. Cerame" is registered from 216 Heritage Drive in the Town of Greece. Reference to the disputed signature on the designating petition and to the name appearing on the registration poll ledger does not permit the conclusion "that the identity of the signer [of the designating petition] as a registered voter can readily be established". (Election Law, § 6-134, subd 7.) We thus find that the Board of Elections and Special Term properly invalidated the signature. (Appeal from order of Monroe Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Callahan and Doerr, JJ. (Decided Oct. 12, 1979.)