Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered August 11, 2010 in a proceeding pursuant to the Election Law. The order, inter alia, granted the petition and invalidated the designating petition of respondent *800 Emin E. Egriu for the office of Representative in Congress for the 28th Congressional District.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Supreme Court properly granted the petition seeking, inter alia, to invalidate the designating petition of Emin E. Egriu (respondent) for the office of Representative in Congress for the 28th Congressional District. Respondent contends that the court lacked subject matter jurisdiction over the proceeding because it was commenced before the State Board of Elections (State Board) determined petitioner’s objections to the designating petition. We reject that contention. Pursuant to Election Law § 16-102 (2), the proceeding must be commenced “within [14] days after the last day to file the [designating] petition[ ] or within [3] business days after the . . . board with . . . which such petition was filed[ ] makes a determination of invalidity with respect [thereto], whichever is later.” Here, the proceeding was timely commenced within 14 days of the deadline to file the designating petition, and the court therefore obtained subject matter jurisdiction over the proceeding. We also reject petitioner’s contention that the court erred in relying upon the alleged number of signatures validated by the State Board inasmuch as the State Board had not yet issued its determination at the time of the hearing conducted by the court. The contents of the original file of the State Board, including its worksheets and the Hearing Officer’s report, were admitted in evidence at the hearing and constituted prima facie evidence of the number of signatures that the State Board determined to be valid (see generally Matter of Segarra v Doe, 9 AD2d 604 [1959]; Matter of Rauch v Cohen, 268 App Div 879 [1944]). We have reviewed respondent’s remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Peradotto, Pine and Gorski, JJ.