In the Matter of AARON M. ORANGE, Appellant, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents.

(Argued October 21, 1935; decided October 22, 1935.)

*Andrew Byrne* for appellant. The provisions of the Election Law (Cons. Laws, ch. 17) in reference to certificates of nomination by independent bodies should be liberally construed so as to promote and not hinder the independence of voters at public elections. (*Matter of Independence League Nominations*, 51 Misc. Rep. 486; *Matter of McClosky*, 21 Misc. Rep. 365; *Matter of Adams*, 21 Misc. Rep. 396; *Matter of Poal*, 108 App. Div. 361.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Seymour B. Quel* of counsel), for respondents. The Board of Elections was without power to accept the original

nominating petitions filed on behalf of the petitioner in view of the defects in the oaths of the subscribing witnesses. (Cons. Laws, ch. 17, § 137, subd. 2; *Matter of Dorsey* v. *Cohen*, 268 N. Y. 620.)

*Per Curiam.* The petition filed for the independent nomination of petitioner was filed within the time allowed by law. Thereafter it was discovered that the authentications were defective because the authenticating witnesses failed to state that they were duly qualified voters at the last election and set forth the places from which they voted, as required by the amendment of section 135 of the Election Law (Cons. Law, ch. 17) enacted in 1935 (Ch. 955, § 6). Before the expiration of the time fixed by law for the filing of petitions for independent nominations the authenticating witnesses filed with the Board of Elections new affidavits, correct in form and which complied with section 135 as amended. We have reached the conclusion that the Special Term was justified in deciding that the filing of the new affidavits corrected the error, and that the petitions and new affidavits should be treated as re-filed. *Matter of Dorsey* v. *Cohen* (268 N. Y. 620, decided on September 9, 1935) is not in conflict, as in that case the affidavits were not corrected.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Ordered accordingly.