In the Matter of the Application of FRANCIS T. SULLIVAN for Determination by the Court as to the Designation of County Committeemen for the 1st to 15th, Both Inclusive, Election Districts and the 28th to 44th, Both Inclusive, and the 48th to 51st, Both Inclusive, Election Districts, Democratic Party, 1st Zone, 3rd Assembly District, Queens County, Spring Primary 1940. FRANCIS T. SULLIVAN, Appellant; THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK and Others, Respondents.— Order modified: (1) By striking from the first ordering paragraph the words " 41st Election District " and by adding thereto at the end thereof after the word " granted " the following: " And as to the 41st Election District in said Assembly District, the application is denied." (2) By striking from the second ordering paragraph the words " 41st Election District." (3) By striking from the third ordering paragraph the words " 1st " and " 9th " and by inserting therein after the words " Queens County " the following: " And it is further ordered that the application of the petitioner herein to strike out and remove from the records of the Board of Elections of the City of New York the names of county committeemen purported to be designated for the first and ninth election districts of the third Assembly district, Queens County, Democratic Party, and to restrain the Board of Elections from printing such names on the official spring primary ballot to be used at the primary election, Democratic Party, on April 2, 1940, in the third Assembly district, Queens County, be and the same hereby is granted; and it is further. Ordered that the Board of Elections forthwith strike and remove from their records the names of said county committeemen purported to be designated for said first and ninth election districts of the third Assembly district, Queens County; and said Board is hereby restrained from printing such names on the official spring primary ballot to be used at the primary election, Democratic Party, on April 2, 1940." As so modified, the order, in so far as appealed from, is affirmed, without costs. One of the sheets of the petition in the First Election District containing twenty signatures was invalid because the number of signatures thereon was not stated on the sheet as required by section 135 of the Election Law. The remaining sheet did not contain sufficient signatures. In the Ninth Election District there are three sheets containing twenty signatures each. Twenty signatures were required. Two of the sheets containing in all forty signatures were invalid because the subscribing witness failed to state the correct place of registration in 1939. On the third sheet the signature of one of the electors was invalid because it did not state the full name of the signer. There were, therefore, only nineteen signatures, which were not sufficient. In the 41st Election District there are four sheets of twenty signatures each. Twenty-five signatures were required. One sheet, held by the Special Term to be invalid, is held valid by this court because

the petitioner herein failed to fiile specifications with respect thereto. Another sheet was properly held invalid because of the forgery of several signatures, of which the subscribing witness had knowledge. A third sheet is held valid by this court as to eighteen of the twenty signatures thereon. The other two were written in by a third person to the knowledge of the subscribing witness, but there was on evil intent. The fourth sheet is conceded to be valid. There were, therefore, over twenty-five valid signatures. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.