### (October 3, 1945.)

In the Matter of JAMES J. LYDEN et al., Appellants, against JAMES H. SULLIVAN et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.— Resettled order denying application of certain independent candidates for town offices in the town of Greenburgh, Westchester County, for an order directing the Board of Elections to file a nominating petition and to require the Board of Elections to print their names on the official ballot for the general election, insofar as appealed from, affirmed, without costs. The petitioners originally claimed that the nominating petition contained 1107 valid signatures. Upon the argument it was conceded that one page containing ten names is invalid. This leaves a balance of 1097 alleged valid signatures. All parties agree that 1020 signatures were required for an independent nominating petition. Therefore, if more than seventy-seven names are invalid the petition is insufficient. In eighty-seven instances the signatures were made by initials of the given name and middle initial of the signer, although in each such instance the petitioners admit that the signer had a full first name. In thirteen other instances the signature purports to be that of a married woman

preceded by the abbreviation "Mrs." which was followed by the first and middle initials of a person claimed to be her husband. The Election Law (§ 135) requires that a designating petition must set forth in every instance the "full name" of the signer. Section 137 provides that a petition for an independent nomination must set forth in every instance the "correct date, name of signer", etc. These two sections, while worded differently mean, in substance, the same thing and they should receive a similar interpretation. The initial signatures are void. (*Matter of Nunley* v. *Cohen*, 258 App. Div. 746; *Matter of Sullivan* v. *Bd. of Elections of City of N. Y.*, 259 App. Div. 752; Election Law, § 163.) *Matter of Rauch* v. *Cohen* (268 App. Div. 879), cited by the petitioners, is not to the contrary. An examination of the record in that case shows that the Board of Elections disallowed certain initial signatures. The Special Term reached the same conclusion. Upon appeal to this court the nominees claimed that such signatures were not by initials but by an abbreviation of the first name. The language of the memorandum must be interpreted in that light. Upon the rehearing at Special Term certain of the alleged initial signatures were held to be signatures by abbreviation of the first name and were allowed, but signatures found to be by initials only were disallowed. The result was that the petition was again held to be invalid. Upon appeal to this court that determination was affirmed. (*Matter of Rauch* v. *Cohen*, 268 App. Div. 885.) In the case at bar, on four pages of the nominating petition, containing ten names each or a total of forty names, the authenticating affidavit failed to state the number of signatures thereon as required by sections 135 and 137 of the Election Law. Such omission invalidated the four pages. (*Matter of Mastantuono* v. *Meisser*, 266 App. Div. 919; *Matter of Sullivan* v. *Bd. of Elections of City of N. Y., supra*.) On the adjourned date of the hearing of the application at Special Term the petitioners attempted to file supplemental affidavits of certain subscribing witnesses but as they were not filed with the Board of Elections on or before the last day provided for by law for the filing of a nominating petition, they do not serve to correct the petition. (*Matter of Orange* v. *Cohen*, 268 N. Y. 481; *Matter of Dorsey* v. *Cohen*, 268 N. Y. 620; *Matter of Phillips [Hubbard]*, 284 N. Y. 152.) Since these 140 signatures must be disregarded and the nominating petition is, consequently, invalid, the other objections presented by the objectants need not be considered. Leave to appeal to the Court of Appeals is granted. Close, P. J., Hagarty, Adel and Aldrich, JJ., concur; Carswell, J., concurs in result.