Benjamin Brenner, J.
Petitioner seeks to invalidate the designating petition of Max M. Turshen for nomination by the Democratic party for the office of Member of the Assembly, 1st Assembly District, Brooklyn, on the ground that said petition has erroneously set forth Mr. Turshen’s residence as 1390 East 49th Street, Brooklyn, instead of his correct residence, 1392 East 49th Street Brooklyn.
The parties have stipulated to the following facts:
(1) Max M. Turshen has been a Member of the Assembly for 28 years and has been a Member of the Assembly from 1392 East 49th Street, for the past 20 years;
(2) There is no other Max M. Turshen in the Borough, City or State, and his name is unique in spelling and content;
(3) Mail addressed to him at 1390 and 1390-1392 East 49th Street has been delivered to him at his correct residence at 1392 E. 49th Street;
(4) Individual residents and charitable, community and civic groups in the 1st Assembly District have visited him at his correct residence of 1392 East 49th Street;
*378 (5) He is also a candidate for County Committee from the 68th Election District of the 1st Assembly District and in that capacity his name appears on several of the Assemblymen designating petitions, and where his name appears as a candidate for County Committeeman his correct residence of 1392 East 49th Street is stated.
(6) One of the sheets purporting to designate him as a candidate for nomination as Assemblyman by the Democratic party in the 1st Assembly District was signed by him and he gave his correct residence of 1392 East 49th Street at that time.
(7) The error was made by someone other than the candidate.
I am aware that section 135 of the Election Law which requires that a candidate’s residence be placed upon the petition has in several decisions been strictly construed by the courts as meaning that even where the residence is incorrectly stated through inadvertence or mere error and there is no fraudulent intent or representation, said incorrect address is fatal to the petition. (Matter of Baum v. Medalie, N. Y. L. J., Sept. 5, 1935, p. 656, col. 7, affd. 245 App. Div. 849, affd. 268 N. Y. 614; Matter of McKenna v. Power, 1 A D 2d 1040, modfg. N. Y. L. J., May 18, 1956, p. 11 col. 1; Matter of Liss v. Cohen, N. Y. L. J., March 21, 1944, p. 1104, col. 6, affd. 267 App. Div. 891; Matter of Berko v. Cohen, N. Y. L. J., Sept. 6, 1941, p. 518, col. 5, affd. 262 App. Div. 959.)
On the other hand, it has been held that an obvious typographical error where it is evident there was no design to mislead or that anybody has been mislead will not be fatal to the petition (Matter of Orlando v. Power, 24 Misc 2d 39; Matter of Colonna v. Power, N. Y. L. J., May 24, 1960, p. 13, col. 4; Matter of Harrington v. Power, N. Y. L. J., May 24, 1960, p. 13, col. 4; Matter of Sekora v. Power, N. Y. L. J., Sept. 3, 1954, p. 7 col. 8).
In Matter of Baum v. Medalie (supra) the court actually found that the address on the petition of 385 Central Park West was the address of a “ special residence ” which the candidate had obviously acquired only for the purposes of the election and that the candidate actually resided with his family several miles away. In McKenna (supra) the individuals involved were candidates for County Committee, a minor office compared to that of Assemblyman, and except for one candidate, the correct address of the candidates did not appear in any of the designating petitions contrasted with our facts where the candidate’s correct address appears at several other places in the petition. In Liss (supra) the individual involved was a candidate for State Committeewoman and nowhere is it stated, as in the case *379 at bar, that the candidate’s correct address appears in other places on the petitions. In Berko (supra) the address on the petition was the former address of the candidate and bore no resemblance whatsoever either in the number or street of the correct address of the candidate.
On the other hand, those cases which have upheld the petition would appear to be similar to the facts before me. Thus, in Matter of Orlando v. Power (24 Misc 2d 39 supra), the individual involved was a candidate for State Senate and the address on the petition was 1701 Park View Avenue instead of the correct residence of 1706 Park View Avenue. The court pointed out that the purpose of putting the residence address on the petition is to identify the candidate. The facts in our case for validation would appear to be even stronger than those in the Orlando ease, since not only has the candidate here a unique name, and participated in local, political and civil affairs, but additionally, the correct and incorrect addresses are even closer than in Orlando, the correct address appears on several petitions, and mail addressed to the incorrect address has been delivered to him.
Apart from these factual differences I regard the error here as minuscule and to rule that such an error should invalidate this petition which has been signed by approximately 9,500 of the 35,000 enrolled Democrats in the Assembly District would be heartless and deprive these voters of their repeatedly shown desire to continue this well-known Assemblyman in office. Thus, strict construction, as followed in Baum, Berko, McKenna and Liss (supra) would only result in the elimination of an incumbent nominee who resides in a private home but one house removed from that which the designating petition erroneously stated. The law should not be so strained as to work such an injustice for, as surely as lightning does not strike twice in the same place, it is most unlikely that two Max M. Turshens, running for the same office, would be living next door to each other. This is not to say that the distinguished Assemblyman is in any way formidable or as earth shaking as a bolt of lightning. The application to invalidate said petition is denied.