Robert E. White, J.
The plaintiffs herein are challenging the validity of Resolution No. 441 of 1976 enacted by the Monroe County Legislature; the relief sought is a declaratory judgment declaring such resolution null and void, and a permanent injunction enjoining the implementation of said resolution.
On December 7, 1976, the defendant legislature enacted Resolution No. 441 of 1976 which provides that for the year 1977:
"Section 1. That all employees of the County of Monroe at a salary above $20,000 per annum shall receive a 10% reduction from their current salary rate and employees earning between $12,000 and $19,999 per annum shall receive a 5% reduction from their current salary rate.
"Section 2. That no employee of the County of Monroe shall receive a merit increment for the year 1977.”
The collective bargaining agreements between plaintiffs’ unions and the defendants expired on December 31, 1976, and no successor agreement has been negotiated.
The provisions of the Constitution of New York (NY Const, art IX, § 2 subd [c] cl. [i]); the Municipal Home Rule Law (§ 10, *187 subd 1, pars [i] and [ii], cl a, subd [1]), and the County Law (§ 205) provide Monroe County with the authority to control the terms, conditions, and compensation of its employees. These statutes are to be liberally construed. (Municipal Home Rule Law, § 51; County Law § 1000, subd [1].)
The county possesses broad powers of all matters relating the exercise of the powers which are reasonably incidental to those granted by statute (Whittaker v Village of Franklinville, 265 NY 11), and inherently has the right to control the employment relationship between it and its employees subject only to the proviso that they are not inconsistent with any general law and not inconsistent with any Civil Service Law. "The Home Rule powers will sustain an exercise of local authority with respect to the regulation of the hours of work, compensation, and so on, of employees of a local government only to the extent that such exercise is not inconsistent with any general law enacted by the Legislature.” (City of Amsterdam v Helsby, 37 NY2d 19, 26.)
Further, any inconsistency with a general law must be specifically demonstrated by the party challenging the county’s power to take certain action. (Koenig v Morin, 56 AD2d 254.) The only general law raised by the plaintiffs is the Civil Service Law collective bargaining provisions (Taylor Law), and any claimed breaches of such statute must be addressed to the Public Employment Relations Board.
The plaintiffs contend that the chief executive officer of the county, and not the County Legislature, is the "public employer”, and therefore, not being the public employer, an improper employer practice charge cannot be against that body.
Cited to substantiate this position is Matter of Town of Huntington (3 PERB 4501) wherein the public employer filed an improper practice charge alleging that the local legislative body was guilty of a failure to negotiate in good faith in that the Legislature had imposed a unilateral wage modification without initially complying with the procedural requirements of section 209 (subd 3, par [e]) of the Civil Service Law.
This court rejects the contention of the plaintiffs that Matter of Town of Huntington, (supra) is controlling in the instant case. In that case, it was the finding of the hearing officer that an improper practice could not be maintained where the claimed statutory violation was a failure to conduct a public hearing (Civil Service Law § 209, subd 3, par (e), cl [iii].) or the *188 failure to take such action as the legislative body deems it to be in the public interest. (Civil Service Law, § 209, subd 3, par (e), cl (iv).) In the instant case, the plaintiffs are alleging that the resolution affecting salaries constitutes a violation of the Taylor Law, which if substantiated, could only constitute an improper practice under section 209-a (subd 1, par [d]) of the Civil Service Law — a failure to negotiate in good faith. Futhermore, in affirming the hearing officer’s decision in that matter PERB held:
"The hearing officer below concluded that the charge herein should be dismissed on the ground that the Town Board of respondent as a legislative body is not a public employer within the meaning of this Act and, therefore, could not be guilty of an improper practice herein alleged.
"We do not reach this question. Rather, we conclude that the charge herein should be dismissed in that there is no showing that the public employer violated its statutory obligation to negotiate in good faith with the organization representing its employees.” (3 PERB 3577.)
The distinction proposed by the hearing officer in Matter of Town of Huntington (supra) is neither necessary nor helpful in dealing with problems relating to the Taylor Law.
This contention of the plaintiffs that they cannot maintain an improper practice charge against the County Legislature misconstrues the functions of the Legislature and County Manager, as well as the role of PERB.
The pivotal question presented is whether a resolution of the legislature, as implemented by the County Manager, constitutes an act of the "public employer”. Subdivision 6 of section 201 of the Civil Service Law provides in pertinent part: "(a) The term 'government’ or 'public employer’ means * * * (ii) a county, city, town, village, or any other political subdivision or civil division of the state”.
Further, subdivision 12 of section 201 of the Civil Service Law defines the term, "agreement” as: "the result of the exchange of mutual promises between a chief executive officer of a public employer and an employee organization” (emphasis added).
The terminology does not envision the chief executive officer acting as the public employer, nor does it infer that the chief executive officer is the public employer.
The Civil Service Law does not further define a county; *189 however, section 3 of the County Law defines a "county” as "a municipal corporation comprising the inhabitants within its boundaries and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as may be imposed or conferred upon it by law.” And, it is an accepted axiom that as in the case of any corporation, a county acts through its officers and agents. A "county” and, therefore, a "public employer”, embodies those entities which exercise the powers of the local government. When the Legislature and County Manager acting in tandem, exercise a power over the employment relationship, such action is taken on behalf of the county, the "public employer” under the Taylor Law.
Plaintiffs contend that the fact that Monroe County has a County Manager form of government provides this court with a jurisdictional basis, thus attempting to distinguish PERB’s decision in Matter of Jefferson County, where PERB noted that it made no legal difference that the improper practice alleged was a result of action by the Jefferson County Board of Supervisors. (6 PERB 3063, 3064.) The Municipal Home Rule Law provides that a board of supervisors may adopt a county charter defining the structure of county government and may assign administrative functions to an appointive officer. (Municipal Home Rule Law § 33.) The Monroe County Charter (§ 200) reserves to the County Legislature all powers that were possessed by the Monroe County Board of Supervisors. The County Manager is defined as the administrative head of the county government and is required to execute and enforce all resolutions and orders of the County Legislature. (County Charter, § 301.) The affidavit of Lucien Morin, the Monroe County Manager, states that as the County Manager, the administrative head of the county, he has implemented Resolution No. 441 of 1976. The fact that the County Legislature, as the legislative body, has the final authority to resolve negotiating impasses and must approve any contract does not enlarge or restrict the power of the Legislature over the employment situation. (Creedon Police Benevolent Assn v City of Utica, 44 AD2d 890; McDonald Police Benevolent Assn v City of Rome, 76 Misc 2d 60, 62.)
Resolution No. 441 of 1976 constitutes an alleged improper practice under section 209-a of the Civil Service Law, and as such is within PERB’s exclusive jurisdiction.