■  In the Matter of ANTHONY M. SORTINO, Appellant, v V. JAMES CHIAVAROLI et al., Constituting the Board of Elections for the County of Monroe, and LEO J. KESSELRING et al., Respondents.—Order unanimously affirmed, without costs. Motion for leave to appeal to the Court of Appeals granted. Memorandum: This is a proceeding to validate petitions designating petitioner Sortino as a candidate in the forthcoming Conservative Party's primary election for nomination to the office of Town Justice of the Town of Irondequoit. Petitioner appeals from the dismissal of his petition for an order validating his designating petitions filed with the respondent Monroe County Board of Elections or, in the alternative, for an order *nunc pro tunc* directing each notary public who authenticated a designating petition for petitioner Sortino to place the date of that authentication on the respective designating petitions with the same force and effect as though dated at the time of filing the petition with the respondent board of elections. For the reasons stated in *Matter of Weiss v Mahoney* (49 AD2d 796), Special Term correctly held that the failure on the part of the petitioner's notaries to date their jurats of authentication placed on his designating petitions was fatal to the validity of those petitions. (Election Law, § 135, subd 2; see, also, *Matter of Byrnes v Board of Elections,* 134 NYS2d 257, affd 284 App Div 847, affd 307 NY 816.) Nor is this defect properly curable by an order *nunc pro tunc.* As was said in *Matter of Whiting v Taub* (187 Misc 660, 661, 662): "no such order should be granted where the information does not appear on the face of the petition." (See, also, *Matter of Lyden v Katz,* 29 Misc 2d 1072, 1077, revd 14 AD2d 820, revd and order at Special Term reinstated for reasons stated at Special Term, 10 NY2d 891.) The affidavits of the notaries accompanying the petition were not properly cognizable by Special Term. To be effective, these affidavits should have been filed with the respondent board on or before the last day provided by law for filing a designating petition. *(Matter of Orange v Cohen,* 268 NY 481, 483; *Matter of Lyden v Sullivan,* 269 App Div 942, 943; see, also, *Matter of Phillips [Hubbard],* 284 NY 152, 161.) (Appeal from order of Monroe Supreme Court—Election Law.) Present—Marsh, P. J., Simons, Dillon, Denman and Witmer. (Decided Aug. 24, 1977.)

■  RICHARD C. HEALY, as President, Appellant, v LUCIEN A. MORIN, as County Manager of the County of Monroe, et al., Respondents.—Order affirmed, without costs, on the opinion at Special Term, White, J. All concur; Marsh, P. J. not participating. (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ. [90 Misc 2d 185.]