3 In the Matter of GEORGE F. ESSE, Respondent, v V. JAMES CHIAVAROLI et al., Constituting the Board of Elections of the County of Monroe, Appellants, and RONALD G. BARRES, Respondent.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: After objections were filed by objector Barres, the Board of Elections of Monroe County invalidated 101 of the 253 signatures on the designating petition of Geroge F. Esse for the position of Monroe County Legislator. This left Esse 13 short of the required 165 signatures, and, therefore, his petition was invalidated. Of the 101 signatures invalidated by the Board of Elections, 98 were invalidated because the subscribing witnesses failed to set forth the total number of signatures on each page they witnessed. Esse commenced this proceeding pursuant to section 16-102 of the Election Law for reinstatement of his petition. After receiving affidavits from two of the subscribing witnesses to the effect that they were witnesses to the signatures contained in some of the petition sheets in the Esse designating petition and that they examined copies of the petition sheets and that there were no alterations of the petition sheets which they witnessed, and after hearing argument on August 13, 1979 at which time these affidavits were submitted to the Board of Elections, Special Term validated the 56 signatures obtained by these witnesses. This left Esse with a total of 208 valid signatures, and Special Term therefore reinstated his petition. This was error. Failure of a subscribing witness to set forth the number of signatures invalidates the entire page. (*Matter of Bernhardt v Sachs,* 57 AD2d 598; *Matter of King v Van Wart,* 67 Misc 2d 592, affd 37 AD2d 773.) Moreover, "the fact that the cover sheet of each petition may have stated the correct number of total signatures contained therein" is irrelevant, since that, in itself, "is no safeguard against the unauthorized addition of signatures after the individual sheets have been attested to by the subscribing witness." (*Matter of Bernhardt v Sachs, supra,* pp 598-599.) This omission by the subscribing witnesses was not cured by their affidavits, since these affidavits were not filed with the Board of Elections until August 13, 1979, long after the last date provided by law for the filing of designating petitions. To be effective, affidavits purporting to cure a defect in designating petitions should be filed with the Board of Elections on or before the last day provided by law for filing a designating petition. (*Matter of Sortino v Chiavaroli,* 59 AD2d 644.) Accordingly, respondents properly invalidated the petition. (Appeal from order of

Monroe Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Doerr and Witmer, JJ. (Decided Aug. 22, 1979.)