## (March 14, 1980)

■ In the Matter of MARY K. GARTNER et al., Appellants, v GEORGE SALERNO et al., Constituting the State Board of Elections, Appellants, and ARTHUR SHAPIRO et al., Respondents. (Proceeding No. 1.) In the Matter of CLIFFORD M. BARBER, Appellant, v ARTHUR SHAPIRO et al., Respondents. (Proceeding No. 2.) In the Matter of ARTHUR SHAPIRO et al., Respondents, v GEORGE SALERNO et al., Constituting the State Board of Elections, Respondents, and JAMES P. ZAIMES, Appellant. (Proceeding No. 3.)—Appeals from a judgment of the Supreme Court at a Trial Term, entered March 12, 1980 in Albany County, which, in Proceedings Nos. 1 and 2, dismissed petitioners' applications pursuant to section 16-102 of the Election Law, seeking to invalidate the designating petition designating the petitioners in Proceeding No. 3 as candidates for the position of delegate to the 1980 Republican Party National Convention from the 26th Congressional District of the State of New York in the March 25, 1980 Primary Election, and, in Proceeding No.

3, granted petitioners' application, pursuant to section 16-102 of the Election Law, seeking to declare valid said designating petition. Initially, we agree with the conclusions of Trial Term on the threshold issues raised in Proceeding No. 3. As to the timeliness issue, a proceeding pursuant to section 16-102 of the Election Law to validate a designating petition, commenced by a candidate who is aggrieved by a determination of the State Board of Elections within two days of receipt of notice of the determination, is timely, notwithstanding the fact that the 14-day period contained in subdivision 2 of section 16-102 has run, and despite notice within the 14-day period that objections to the petition had been filed with the board *(Matter of Colvin v Romeo,* 59 AD2d 641, mot for lv to app den 42 NY2d 806; see *Matter of Pell v Coveney,* 37 NY2d 494; cf. *Matter of Bruno v Peyser,* 40 NY2d 827, 828; *Matter of Butler v Hayduk,* 37 NY2d 497, 500). Appellant's reliance on recent cases which hold that filing requirements are "mandatory" and that failure to comply shall be a "fatal defect" (e.g., *Matter of Baker v Monahan,* 42 NY2d 1074, 1075) is misplaced, since those requirements relate to the filing of petitions and certificates with the State Board of Elections, rather than the commencement of judicial proceedings (see Election Law, § 1-106). With regard to the question of whether objector Gartner was a necessary party, we are of the view that an objector is a necessary party only where he has been successful at the State Board of Elections (compare *Matter of Brown v Ulster County Bd. of Elections,* 48 NY2d 614, where the unserved objector had been successful at the board, with *Matter of Straniere v Cutolo,* 42 NY2d 984, where the objector's objections had not been reviewed by the board; see, also, *Matter of Butler v Hayduk,* 37 NY2d 497, *supra).* Turning to the merits, it is apparent from subdivisions 2 and 3 of section 6-132 of the Election Law that a subscribing witness must be qualified to sign the petition, and subdivision 5 of section 6-134 provides that the signature of a voter on a petition designating a person as a candidate for public office shall not be counted where he had previously signed a designating petition of another candidate for the same office. Accordingly, Trial Term erred in refusing to invalidate signatures witnessed by a subscribing witness who had signed the petition of another slate of candidates for the same office (see *Matter of Carroll v McNab,* 59 AD2d 727; *Matter of Doran v Scranton,* 49 AD2d 976). We are of a different view, however, as to those signatures witnessed by a subscribing witness who had witnessed the petition of another slate of candidates for the same office. There is no statutory provision pertaining to witnesses similar to subdivision 5 of section 6-134, and we see no public policy reasons for precluding a person from witnessing the designating petitions of competing candidates. The remaining issue involves the trial court's ruling which allowed affidavits of witnesses to the designating petition to explain apparent alterations in the petition which were undated and uninitialed. Since unexplained, uninitialed alterations of an essential element of a witness' statement invalidates the signatures contained on that sheet of the petition *(Matter of Klemmann v Acito,* 64 AD2d 952, 953, affd 45 NY2d 796), it necessarily follows that there must be an opportunity to explain the alterations. Here, the affidavits were introduced for just that purpose. Accordingly, they were clearly relevant. Appellants' reliance on *Matter of Sortino v Chiavaroli* (59 AD2d 644, affd 42 NY2d 982) and *Matter of Esse v Chiavaroli* (71 AD2d 1046) is misplaced because those cases involved omissions sought to be cured by affidavits, rather than alterations sought to be explained. CPLR 409 (subd [b]) provides, as to special proceedings, that "The court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable

issues of fact are raised. The court may make any orders permitted on a motion for summary judgment." Here, the affidavits served to explain the alterations and establish that the petition had not been tampered with. There was no triable issue of fact remaining. Appellants contend that they were deprived of their right to cross-examine these witnesses, but there is no suggestion that the witnesses were lying in their affidavits or that the petition was permeated with fraud. Thus, cross-examination would have served no useful purpose. Moreover, since the hearings took three days, appellants could have secured the attendance of the witnesses if they truly believed that oral testimony was essential. Since the number of valid signatures exceeds the minimum required despite Trial Term's error as to signatures witnessed by persons who had signed another slate's petition, the judgment should be affirmed. Finally, we note that the appeal by the State Board of Elections, as limited by its brief, is academic, and, therefore, we do not pass on the issues raised by the board. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.