■ In the Matter of IAN HUNTER et al., Appellants, v FREDERICK G. COMPAGNI, SR., et al., Constituting the Board of Elections of the State of New York, Respondents. (Appeal No. 1.)—Judgment unanimously affirmed, without costs. Memorandum: In the first of these two consolidated proceedings, petitioners seek to invalidate the designating petition filed by respondent candidates for the positions of delegates and alternates to the Republican National Convention from the Thirty Second Congressional District of New York. In the other proceeding, petitioners seek to have their own designating petition for the same positions validated. Objection to respondent candidates' designating petition was based upon the fact that some of the petition sheets were altered after their authentication. The alteration consisted of inserting the following hand-stamped phrase directly above the signatures, "In witness whereof, I have hereunto set my hand, the day and year opposite my signature." Although this phrase is used on the form provided by statute for petition sheets (Election Law, § 6-132, subd 1), its omission has been held not to result in invalidation of the designating petition *(Matter of Cairo v Harwood,* 42 NY2d 1098). We agree with Special

Term that since the omission of the phrase would not affect the designating petition's validity; similarly, its subsequent inclusion will not invalidate it. In the other proceeding, after objections were filed by objector Mitchell, the State Board of Elections invalidated 380 of the 1,401 signatures on appellants' designating petition. Thus, appellants had only 1,021 valid signatures —far short of the 1,250 minimum required (Election Law, § 6-136, subd 2, par [g]). Special Term reinstated 182 signatures on the basis of affidavits which showed that certain alterations occurred prior to authentication. Sixteen signatures were added upon proof of the signers' enrollment in the Republican Party. Nine additional signatures were reinstated upon proof that two of the attesting officers were notary publics. One signature was added by stipulation. Finally, Special Term reinstated 13 signatures which the board had invalidated because the signers' election districts were incorrectly listed. The addition of these 221 signatures raised appellants' total to 1,242—still eight fewer than required. Special Term therefore upheld the board's determination and invalidated appellants' designating petition. It is clear that strict compliance, not substantial compliance, with the requirements of section 6-132 of the Election Law must be observed *(Matter of Higby v Mahoney,* 48 NY2d 15; *Matter of Vari v Hayduk,* 42 NY2d 980; *Matter of Rutter v Coveney,* 38 NY2d 993). The failure to state correctly the signers' election districts renders the signatures invalid *(Matter of Berry v Dodd,* 38 NY2d 995). In light of these recent Court of Appeals cases, it appears that Special Term's reinstatement of 13 signatures in reliance on *Matter of Broderick v Aurigema* (49 AD2d 799) was misplaced. At least seven of the signatures reinstated by Special Term had incorrect election districts and, therefore, should not have been validated. For the same reason appellants' request to validate additional signatures which had incorrect election districts is denied. Nor do we deem the attesting officers' failure to state their title immaterial. Subdivision 3 of section 6-132 of the Election Law permits designating petition sheets to be verified by a statement of a notary public or commissioner of deeds, but requires the attesting officer to state his title. Here, however, the attesting officers included neither their title, nor their identifying stamp. Thus, it would have been virtually impossible for the board to locate these individuals. In view of the Election Law's purpose to permit the board to "facilitate the discovery of irregularities or fraud" this requirement must be observed *(Matter of Rutter v Coveney,* 38 NY2d 993, 994, *supra).* Special Term further erred in permitting appellants to remedy this default on the basis of affidavits. While affidavits may be used to explain alterations *(Matter of Gartner v Salerno,* 74 AD2d 958), they may not be used to cure omissions *(Matter of Sortino v Chiavaroli,* 59 AD2d 644, affd 42 NY2d 982; *Matter of Esse v Chiavaroli,* 71 AD2d 1046). Appellants' total number of signatures must be further reduced by nine. These 16 reductions leave appellants with 1,226 valid signatures, insufficient to meet the minimum number for a valid designating petition. Finally, appellants also request this court to make new findings of fact and validate four additional signatures. In view of the fact that this number would not change the result we have reached, we have not undertaken an examination of the record in this regard. (Appeal from judgment of Onondaga Supreme Court—Election Law.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ. (Decided March 19, 1980.)