■ WILSON G. PRICE, Respondent, v JOSEPH A. LETTERI, JR., et al., Respondents, and HELEN A. DUFFY et al., Appellants. — Appeal from so much of a judgment of the Supreme Court, Westchester County (Coppola, J.), dated August 30, 1982, as declared void petitions designating appellants as candidates in the Conservative Party Primary Election for the party position of County Committeeman of the Town of Cortlandt, Westchester County. Judgment reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the designating petitions in question are adjudged valid. In our opinion there was substantial compliance with section 6-132 of the Election Law with respect to the addresses of the candidates. The designating petitions in question indicated that the candidates resided in the Town of Cortlandt, specified the election district, and accurately stated their addresses. The failure to recite "Town of Cortlandt" following the candidates' addresses does not invalidate the petitions (see *Matter of Saal v Board of Elections, County of Nassau*, 32 AD2d 800; cf. *Matter of Rosenbaum v Power*, 43 Misc 2d 377, affd 21 AD2d 700). Mollen, P. J., Damiani, Mangano and Thompson, JJ., concur.

■ In the Matter of EDUARDO DELOSRIOS et al., Respondents, v MARCOS A. SANTIAGO, Appellant, et al., Respondents. — In a proceeding to invalidate a petition designating appellant as a candidate for the party position of Member, State Committee, Democratic Party, the appeal is from a judgment of the Supreme Court, Kings County (Slavin, J.), dated September 1, 1982, which invalidated the designating petition on the ground that appellant was not an enrolled member of the Democratic Party at the time of the filing of said petition. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed and the board of elections is directed to reinstate appellant's name on the appropriate ballot. We view section 5-306 of the Election Law as encompassing corrections (not changes) of existing party enrollment for the purpose of candidacy as well as voting. Appellant, for eight years prior to 1981, concededly was an enrolled voter in the Democratic Party. During the fall of 1981, when filling out the appropriate form due to his change in address, he overlooked marking his party choice. Appellant availed himself of section 5-306 of the Election Law by filing an appropriate affidavit and thus corrected the error in his enrollment. Under the circumstances, we deem him to have been enrolled in the Democratic Party at the time of the filing of the petition as required by subdivision 1 of section 6-120 of the Election Law. Lazer, J. P., Gulotta, Bracken and Niehoff, JJ., concur.

■ In the Matter of THOMAS F. GAFFNEY et al., Respondents, v BOARD OF ELECTIONS OF CITY OF NEW YORK, Respondent, and FRANK ROMAN et al., Appellants. — Judgment of the Supreme Court, Kings County (Slavin, J.), dated August 31, 1982, affirmed, without costs or disbursements. No opinion. Lazer, J. P., Gulotta, Bracken and Niehoff, JJ., concur.

■ In the Matter of ROBERT KASHINSKY, Appellant, v PEGGY McCARTHY et al., Respondents. (And Other Actions.) — Judgment of the Supreme Court, Kings County (Mirabile, J.), entered September 7, 1982, affirmed, without costs or disbursements. No opinion. Lazer, J. P., Gulotta, Bracken and Niehoff, JJ., concur.