(August 22, 1991)

■ In the Matter of OLIVIA M. KING et al., Appellants-Respondents, v CAROLEE C. SUNDERLAND et al., Respondents, and IRWIN HOSKINS, Respondent-Appellant. (Proceeding No. 1.) In the Matter of OLIVIA M. KING et al., Appellants-Respondents, v LAVERNE WILLIAMS et al., Respondents-Appellants. (Proceeding No. 2.)—In two consolidated proceedings to invalidate petitions designating certain candidates in the Democratic Party primary election to be held on September 12, 1991, for the various party positions and the nomination of that party as its candidates for various public offices in the City of Yonkers, the petitioners appeal from (1) an order and judg-

ment (one paper) of the Supreme Court, Westchester County (Burrows, J.), entered August 9, 1991, which dismissed the proceedings in part, and (2) so much of an order and judgment (one paper) of the same court, dated August 21, 1991, as denied their motion for leave to enter a default judgment, and declined to invalidate some of the petitions based upon the omission of the city from the candidates' addresses, and the designated candidates (1) appeal from an order of the same court, entered August 8, 1991, which denied their motion to dismiss the proceedings, and (2) cross-appeal, as limited by their brief, from so much of the order and judgment dated August 21, 1991, as invalidated the petitions designating, as candidates for the party positions of Members of the Democratic County Committee of Westchester County, Garfield Dorsey, Irwin Hoskins, Luther V. Garrison, Theodore Muckelvaney, Jerry Barbour, Doris E. Miaranda Pemberton, Linda Blake, John A. Palladino, John P. Palladino, Peter Ziccardi, Dominick Iannacone, Dolores Kahn, and William Kahn. We deem the notice of appeal from the decision dated August 16, 1991, to be a premature notice of appeal from the order and judgment dated August 21, 1991 (see, CPLR 5520 [c]).

Ordered that the appeal from the order entered August 8, 1991, is dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment entered August 9, 1991, is affirmed, without costs or disbursements; and it is further,

Ordered that the order and judgment dated August 21, 1991, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order and judgment dated August 21, 1991, is reversed insofar as cross-appealed from, on the law, without costs or disbursements, and the Westchester County Board of Elections is directed to restore the names of Garfield Dorsey, Irwin Hoskins, Luther V. Garrison, Theodore Muckelvaney, Jerry Barbour, Doris E. Miaranda Pemberton, Linda Blake, John A. Palladino, John P. Palladino, Peter Ziccardi, Dominick Iannacone, Dolores Kahn, and William Kahn, to the appropriate ballots for the party positions of Members of the Democratic County Committee of Westchester County.

The appeal from the order entered August 8, 1991, must be dismissed because the right of direct appeal therefrom terminated with the entry of orders and judgments in the proceedings (see, Matter of Aho, 39 NY2d 241, 248). The issues raised

on appeal from the order entered August 8, 1991, are brought up for review and have been considered on the appeal from the orders and judgments (CPLR 5501 [a] [1]).

The Supreme Court found that some but not all of the designating petitions which omitted "City of Yonkers" following the candidates' addresses were invalid. We disagree with the invalidation. The candidates' addresses listed on the petitions were sufficient to identify the candidates to the signers. We conclude that there was substantial compliance with Election Law § 6-132 (see, Price v Letteri, 89 AD2d 976; Tsakos v Erie County Bd. of Elections, 83 AD2d 983; Matter of Brewster v Cayuga County Bd. of Elections, 83 AD2d 983).

Furthermore, on the designating petitions the words "with respect to Public Office" had been unnecessarily printed after the words "I do hereby appoint". In each petition, the language was stricken and initialed by the witness. However, the alteration was not dated. The alteration was not material, in that it dealt with form and not substance, and the absence of the date did not invalidate the petitions (see, Matter of Jonas v Velez, 65 NY2d 954; Matter of Sheehan v Scaringe, 154 AD2d 832; Matter of Berger v Acito, 64 AD2d 949; Matter of Moczydlowski v Westall, 275 App Div 1000).

In light of our determination, we need not reach the candidates' remaining contentions. The contentions raised by Olivia King and her co-petitioners on their appeals are without merit. Mangano, P. J., Thompson, Sullivan and Lawrence, JJ., concur.