(October 28, 2005)

■ In the Matter of JOSEPH GRAVAGNA et al., Appellants, v BOARD OF ELECTIONS OF CITY OF NEW YORK et al., Respondents, and TONY AVELLA, Respondent. [803 NYS2d 137]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Tony Avella as a candidate in the primary election held on September 13, 2005, for the nomination of the Working Families Party as its candidate for the public office of Member of the New York City Council, 19th Council District, the petitioners appeal from a final order of the Supreme Court, Queens County (Strauss, J.), dated September 7, 2005, which, after remittitur by this Court upon a prior appeal (see Matter of Gravagna v Board of Elections of City of N.Y., 21 AD3d 504 [2005]), and after a hearing, denied the petition.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is granted, the designating petition is invalidated, and the Board of Elections of the City of New York is directed to strike Tony Avella's name as the candidate of the Working Families Party for the public office of Member of the New York City Council, 19th Council District, from the ballot in the general election.

Since the proceeding to invalidate the designating petition was timely commenced and the respondent candidate, Tony Avella, attained his general election ballot status as the candidate of the Working Families Party for the public office of Member of the New York City Council, 19th Council District, by means of an uncontested primary election on September 13, 2005, this appeal from the denial of the petition to invalidate remains viable and the relief sought is not foreclosed (cf. Matter of Lichtman v Board of Elections of Nassau County, 27 NY2d 62, 65-66 [1970]; Matter of Kraham v Rabbitt, 11 AD3d 808 [2004]; Matter of Stoppenbach v Goldstein, 287 AD2d 666 [2001]).

Contrary to the finding of the Supreme Court, the unexplained and uninitialed alterations of the total number of signatures on the petition sheet contained in the statement of Alfred Cahn, required invalidation of the five signatures on that designating

petition (*see Matter of McGuire v Gamache,* 5 NY3d 444 [2005], *affg* 22 AD3d 614 [2005]; *Matter of Jonas v Velez,* 65 NY2d 954 [1985]). Since the Supreme Court properly determined that the signatures collected by William Viscovich, a notary public, were invalid due to Viscovich's failure to administer an oath, the total number of valid signatures was insufficient to support the designating petition and therefore, the designating petition should have been invalidated. Accordingly, we direct the Board of Elections of the City of New York to strike Avella's name as the candidate of the Working Families Party for the public office of Member of the New York City Council, 19th Council District, from the ballot in the general election.

The petitioners' remaining contention is without merit. Schmidt, J.P., Cozier, Rivera and Lifson, JJ., concur.