■ In the Matter of RICHARD M. DOS ANJOS et al., Appellants, v JOSEPH E. CARVIN et al., Respondents, et al., Respondents. [929 NYS2d 157]—

The petitioner candidates commenced this proceeding to invalidate the subject combined designating petition. The combined designating petition contained 604 signatures. The combined designating petition did not contain a space in the subscribing witness statement where the subscribing witness could enter the number of signatures on each page. The subscribing witnesses wrote the number of signatures in the

margin, and in some cases initialed this number. The petitioners challenged 381 signatures, which were set forth on pages where the subscribing witness failed to initial where the subscribing witness wrote the number of signatures. Invalidation of these 381 signatures would result in only 223 valid signatures, 18 less than the 241 signatures required for designation.

At a hearing, two witnesses each testified, with respect to certain pages of the combined designating petition, that said person was the subscribing witness who had collected the signatures, signed the witness statements, and written the number of signatures on each page in the margin, although said witness had not initialed those numbers. The parties stipulated that a third witness would give similar testimony as to the pages of the combined designating petition for which he was the subscribing witness.

The Supreme Court, in effect, denied the petition and dismissed the proceeding, finding that the witness statements were in substantial compliance with statutory requirements. The Supreme Court found that the inclusion of the number of signatures was not an alteration of any information on the combined designating petition. The Supreme Court credited the testimony of the witnesses that the information on pages 13, 14, 25, and 32 through 37 of the combined designating petition was entered by those witnesses, although not initialed.

On appeal, the petitioners contend that the Supreme Court should not have permitted the candidates' witnesses to testify at the hearing as to the validity of the signatures they collected, as the candidates had not timely commenced a validation proceeding. They argue that the candidates interposed an affirmative defense in their answer to the petition that was the equivalent of a validation proceeding. This contention is without merit. The candidates were not required to commence a validation proceeding to respond to the allegations in the invalidation petition.

The petitioners further contend on appeal that the inclusion of the number of signatures without initials on certain pages constituted material alterations, and that those pages containing such alterations should be deemed invalid. This contention is also without merit. While an uninitialed and unexplained alteration in the number of signatures witnessed constitutes a material alteration, which may invalidate the relevant page (*see Matter of Jonas v Velez*, 65 NY2d 954 [1985]; *Matter of White v McNab*, 40 NY2d 912 [1976]; *Matter of Gravagna v Board of Elections of City of N.Y.*, 22 AD3d 776 [2005]), here, there was

no alteration in the number of signatures witnessed. Rather, the subscribing witnesses merely entered the number of signatures, with no numbers previously entered that could have been altered. Furthermore, the inclusion of the number of signatures in the margin was explained by the witnesses' testimony at the hearing. The omission of a space for the subscribing witnesses to enter the number of signatures on each page, and the placement of the number of signatures on each page in the margin, concerns form and not substance, as opposed to an alteration in the number of signatures and, therefore, did not constitute a material alteration (see Matter of King v Sunderland, 175 AD2d 896 [1991]). Mastro, J.P., Leventhal, Chambers, Roman and Miller, JJ., concur.