· (October 14, 2011)

■ In the Matter of Constance M. Kepert, Respondent, v James M. Tullo, Appellant, et al., Respondents. [930 NYS2d 915]—

Pursuant to Election Law § 6-132 (2), each sheet of a designating petition must have appended to it, at the bottom, a signed statement of a witness that states, inter alia, the number of signatures witnessed (*see Matter of Sheldon v Sperber*, 45 NY2d 788, 789 [1978]). Thus, because the stating of the number of signatures witnessed "is a matter of the legislatively mandated content of the [designating] petition, i.e., a matter of substance and not of form . . . [failure] to include the prescribed information is fatal" (*Matter of Frome v Board of Elections of Nassau County*, 57 NY2d 741, 742 [1982]; *see generally Matter of Stoppenbach v Sweeney*, 98 NY2d 431, 433 [2002]; *Matter of DiSanzo v Addabbo*, 76 AD3d 655, 656 [2010]; *Matter of Barrett v Brodsky*, 196 AD2d 603, 603 [1993]; *Matter of De Masi v D'Apice*, 97 AD2d 526 [1983]; *cf. Matter of Dos Anjos v Carvin*, 87 AD3d 638 [2011]).

Therefore, where, as here, the witness statement of a designating petition sheet does not state the number of signatures witnessed, all signatures on the subject sheet are invalid (*see Matter of Cronk v Ferencsik*, 181 AD2d 754 [1992]; *Matter of Zunno v Fein*, 175 AD2d 935, 936 [1991]; *Matter of Esse v Chiavaroli*, 71 AD2d 1046, 1046 [1979]; *Matter of Bernhardt v Sachs*, 57 AD2d 598, 598-599 [1977]; *Matter of O'Brien v Meisser*, 14 AD2d 600 [1961], *affd* 10 NY2d 799 [1961]; *Matter of King v Van Wart*, 67 Misc 2d 592, 593 [1971], *affd* 37 AD2d 773 [1971]). Without the signatures on the subject sheet, the petitioner's designating petition did not contain the requisite number of valid signatures. Contrary to the Supreme Court's determination, the subscribing witness cannot, in a

proceeding such as this one, inter alia, to validate a designating petition, retroactively cure that defect by submitting an affidavit or testifying regarding the number of signatures witnessed (*see Matter of Esse v Chiavaroli*, 71 AD2d at 1046; *Matter of Lyden v Sullivan*, 269 App Div 942, 943 [1945]; *Matter of Hunter v Compagni*, 74 AD2d 1000, 1001 [1980]; *Matter of Sortino v Chiavaroli*, 59 AD2d 644 [1977]; *cf. Matter of Etkin v Thalmann*, 287 AD2d 775, 775-777 [2001]; *Matter of Collins v Kelly*, 253 AD2d 571, 572 [1998]).

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. In light of our determination, we need not reach the parties' remaining contentions on the issue of fraud. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.