Matter of Dwyer v Town of Stony Point (2021 NY Slip Op 04548)





Matter of Dwyer v Town of Stony Point


2021 NY Slip Op 04548


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2020-07163
 (Index No. 31831/20)

[*1]In the Matter of Margaret Dwyer, et al., petitioners-respondents, 
v
Town of Stony Point, respondent-respondent, Gregory B. Julian, etc., et al., appellants.


Michael D. Diederich, Jr., Stony Point, NY, for appellants.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Jaspreet S. Mayall and Nicole L. Milone of counsel), for petitioners-respondents.
Feerick Nugent MacCartney PLLC, South Nyack, NY (Brian D. Nugent of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to Town Law § 91, Gregory B. Julian, Anita Moyano Cintron, and Joyce A. Julia appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated August 25, 2020. The order and judgment, insofar as appealed from, granted the petition to invalidate a petition requesting a permissive referendum and, in effect, invalidated the referendum petition.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents Margaret Dwyer and William Dwyer, and the respondent Town of Stony Point, appearing separately and filing separate briefs.
In May 2020, Margaret Dwyer and William Dwyer (hereinafter together the Dwyers), residents of the Town of Stony Point, commenced this proceeding pursuant to Town Law § 91 to invalidate a petition (hereinafter the referendum petition) that was filed by Gregory B. Julian, Anita Moyano Cintron, and Joyce A. Julian (hereinafter collectively the appellants) with the Stony Point Town Clerk (hereinafter the Town Clerk) in March 2020 protesting the February 2020 adoption of Resolution No. 7 of 2020 (hereinafter the Resolution) by the Town Board of the Town of Stony Point. The Resolution authorized the Town Supervisor to execute an agreement with nonparty Patriot Hills Park, LLC, for the sale of a certain parcel of Town property, but indicated that, pursuant to Town Law § 90, it was subject to a permissive referendum. The referendum petition requested that the subject of the Resolution be submitted as a referendum to the voters in the Town for a vote. In opposition, the Dwyers filed a written objection to the referendum petition and commenced this proceeding pursuant to Town Law § 91 to invalidate the referendum petition on the grounds, inter alia, that it failed to comply with the authentication requirements of Town Law § 91. In an order and judgment dated August 25, 2020, the Supreme Court, inter alia, granted the petition and, in effect, invalidated the referendum petition. This appeal ensued.
Contrary to the appellants' contention, the Dwyers' written objection to the [*2]referendum petition, a condition precedent to commencing this proceeding, was not untimely filed. Although Town Law § 91 requires such an objection be filed within five days of the filing of the referendum petition, Executive Orders (A. Cuomo) No. 202.8 and No. 202.14 (9 NYCRR 8.202.8, 8.202.14) tolled this deadline. Since the Dwyers filed the written objection with the Town Clerk on May 6, 2020, it was timely.
Further, the Supreme Court properly invalidated the referendum petition on the ground that it failed to comply with the witness authentication requirements of Town Law § 91. Section 91 of the Town Law requires that the signatures on each referendum sheet be authenticated in the manner provided by the Election Law for the authentication of nominating petitions. Pursuant to Election Law § 6-132(2), each sheet of a nominating petition must have appended to it, at the bottom, a signed statement of a witness that sets forth, inter alia, the number of signatures witnessed. Setting forth the number of signatures witnessed is legislatively mandated and is a matter of substance, not form (see Matter of Frome v Board of Elections of Nassau County, 57 NY2d 741, 742; Matter of Kepert v Tullo, 88 AD3d 826, 827). Under the Election Law, "'[failure] to include the prescribed information is fatal'" (Matter of Kepert v Tullo, 88 AD3d at 827, quoting Matter of Frome v Board of Elections of Nassau County, 57 NY2d at 742). Likewise, here, since the witness statement of each petition sheet failed to set forth the number of signatures witnessed, the Supreme Court properly concluded that all signatures contained in the referendum petition are invalid (see Matter of Kepert v Tullo, 88 AD3d at 827-828) and thus properly granted the petition to invalidate the referendum petition, in effect, invalidating the referendum petition.
The appellants' remaining contentions are not properly before this Court, are without merit, or need not be reached in light of our determination.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.

2020-07163 DECISION & ORDER ON MOTION
In the Matter of Margaret Dwyer, et al.,
petitioners-respondents, v Town of Stony Point,
respondent-respondent, Gregory B. Julian, etc.,
et al., appellants.
(Index No. 31831/20)

Motion by the appellants on an appeal from an order and judgment (one paper) of the Supreme Court, Rockland County, dated August 25, 2020, to stay or toll the time to file or refile referendum petition signatures. By decision and order on motion of this Court dated November 2, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court