(October 23, 1957)

■ In the Matter of EDWARD J. O'NEILL, Respondent, against WILLIAM E. SLATER, Appellant. BOARD OF ELECTIONS OF WESTCHESTER COUNTY et al., Respondents.— Order insofar as appealed from reversed on the law, without costs, and application insofar as it relates to appellant denied, without costs. The findings of fact are affirmed. The statutory disqualification is confined to the acceptance or the holding of the incompatible public office and not to the candidate's nomination or his right to be elected to such office. Beldock, Acting P. J., Hallinan and Kleinfeld, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to affirm on the authority of *Matter of Burns* v. *Wiltse* (303 N. Y. 319) and upon the opinion of the learned Justice at Special Term. [8 Misc 2d 429.]

■ In the Matter of CLARA MARCATANTE et al., Appellants-Respondents, against JAMES A. LUNDY et al., Respondents, and CORNING G. McKENNEE, Respondent-Appellant.— On the appeal of Clara Marcatante and others, order affirmed, without costs, upon the opinion of the learned Justice at Special Term (8 Misc 2d 313). Beldock, Acting P. J., Ughetta and Kleinfeld, JJ., concur; Murphy and Hallinan, JJ., dissent and vote to reverse those parts of the order from which Marcatante and others appeal, and to grant the application to the extent of invalidating the contested nominating petition as to the office of Borough President and the office of Justice of the City Court, with the following memorandum: Appellants Marcatante and others produced many sheets of the petition on which alterations had been made. Such alterations were not initialed by the signatories or by the subscribing witnesses. In order to prove that the alterations were made before the witness signed his authenticating statement, the adverse parties produced a witness who allegedly gave instructions to those distributing the petition sheets to bring them back to headquarters so that necessary changes could be made in the statement of subscribing witnesses before signing same. This proof was entirely inadequate. No testimony was given by any subscribing witness as to the circumstances surrounding the alterations or as to whether the alterations were made prior to the date of authentication appearing on the statements of the subscribing witnesses. Said witness failed to identify any particular sheet containing alterations nor did she specify the number of sheets of the petition allegedly inspected and supervised by her. This explanation was wholly inadequate (*Matter of Warsoff* v. *Cohen*, 289 N. Y. 108). On the appeal of Corning G. McKennee, order affirmed, without costs, upon the opinion of the learned Justice at Special Term (8 Misc 2d 313). Murphy, Ughetta and Hallinan, JJ., concur; Beldock, Acting P. J., and Kleinfeld, J., dissent and vote to reverse those parts of the order from which said McKennee has appealed and to deny the application to the extent that it seeks to invalidate the contested nominating petition as to the office of " County Court, Queens County ", with the following memorandum: In our opinion there has been substantial compliance with the statute.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NICHOLAS FALCO et al., Appellants, against WALTER W. WESTALL et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.— Order unanimously affirmed, without costs. No opinion. Leave to appeal to Court of Appeals granted. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.