■ In the Matter of JOSEPH S. MARGOLIS, Respondent, v. WILLIAM F. LARKIN et al., Constituting the Board of Elections of the City of New York, Respondents, and WILLIAM H. O'CONNELL, Appellant.— In a proceeding to invalidate petitions designating appellant as a candidate in the Liberal Party Primary Election to be held on June 20, 1972 for the party position of Assembly District Leader of the 61st Assembly District, the appeal is from a judgment of the Supreme Court, Richmond County, entered June 12, 1972, which granted the application. Judgment reversed, on the law, without costs, petition dismissed and designating petitions validated. Appellant contends that the citizen-objector is without standing to maintain this proceeding because he admittedly failed to file specifications of his objections as is required by section 145 of the Election Law. We agree with this contention and think that Special Term was in error considering the merits of the case. Section

330 of the Election Law, which establishes this proceeding, requires the filing of objections by a citizen-objector as prescribed in section 145 of the Election Law as a condition precedent to maintaining suit thereunder. Section 145 of the Election Law provides that specifications of such objections be filed within six days after the filing of the objections or the objections will be dismissed. In view of the summary nature of this proceeding, the filing of such specifications is a natural concomitant of due process (see 1 Gassman, Election Law-Decisions and Procedure, §§ 75, 76, and cases cited therein; Abrahams, New York Election Law, pp. 298-299). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.