■ In the Matter of MICHAEL J. LASPESA, Appellant, v. EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, et al., Respondents.— Order unanimously affirmed, without costs. Memorandum: This is an appeal from a judgment of the Supreme Court in favor of respondent Peter J. Fiorella, Jr., denying petitioner's application to strike respondent's name as a candidate for the office of State senator for the 55th Senatorial District. The Erie County Board of Elections found that the respondent was qualified to be a candidate from that District by reason of his residence at 181 Richmond Avenue in said District. The evidence establishes that candidate Fiorella was born at 181 Richmond Avenue, that he continued to live there after his marriage, that all of his children were born at that address and that since the age of 21 years he has voted continuously from that address, a period of 13 years. All of his political activity has been concentrated in the 55th Senatorial District and he is a party committeeman in that District. The record indicates that the respondent has an apartment at Richmond Avenue and also owns a residence in the Town of Tonawanda which is outside of the 55th Senatorial District. Respondent stated that it is and always has been his intention to keep Richmond Avenue as his residence and domicile and in view of the proof at Trial Term which demonstrated a continuity of conduct on respondent's part to remain a resident of the 55th Senatorial District, petitioner has not sustained his burden of overcoming respondent's proof of residence at the Richmond Avenue address. Three principal cases, *Bressler* v. *Holt-Harris* (30 N Y 2d 529, affg. 37 A D 2d 898), *Matter of Meehan* v. *Lomenzo* (27 N Y 2d 600, affg. 34 A D 2d 1024), and *Matter of Gladwin* v. *Power* (14 N Y 2d 771, affg. 21 A D 2d 665) equate "resident" to "domiciliary" in construing constitutional and statutory provisions for voter and office eligibility and constrain us to affirm Trial Term's determination that appellant failed to sustain his burden of proof. (Order entered Oct. 16, 1973.) (Appeal from judgment of Erie Special Term, dismissing petition in proceeding pursuant to Election Law, §§ 145, 330.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Simons, JJ.

■ In the Matter of WILLIAM H. BRISTOL, Appellant, v. ROBERT W. NORTHRUP et al., Constituting the Board of Elections of the County of Monroe, and H. EVEREST CLEMENTS, Respondents.— Order unanimously reversed on the law, without costs and application granted to invalidate and declare void respondent's nominating petitions (see *Matter of Goodman* v. *Board of Elections of City of N. Y.,* 40 A D 2d 663, affd. 31 N Y 2d 763; *Matter of Eaton* v. *Monahan,* 72 Misc 2d 676). In passing we call to the attention of the Legislature the need to amend the form in subdivision 3 of section 138 of the Election Law to indicate clearly that the " witness " must not only be a " qualified voter of the state " but one who is also " qualified to sign the petition." (Order entered Oct. 17, 1973.) (Appeal from order of Monroe Special Term, directing name to be placed on ballot.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Simons, JJ.