## (October 29, 1975)

■ In the Matter of ROBERT F. DORAN, Respondent, v JOSEPH F. SCRANTON et al., Constituting the Board of Elections the County of Saratoga, Respondents, and FRANK A. CUTITA, as Candidate of the Action Party Position for Town Supervisor, Town of Clifton Park, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered October 27, 1975 in Saratoga County, which, in a proceeding pursuant to section 330 of the Election Law, granted petitioner's application to declare certain of the independent nominating petitions of appellant Cutita invalid and restrained the Board of Elections of Saratoga County from placing his name upon the voting machine and ballots to be used at the general election to be held on November 4, 1975 in the Town of Clifton Park. Inasmuch as respondent Doran was a qualified voter and timely filed objections and specifications pursuant to section 145 of the Election Law, Special Term properly concluded that he had standing as a citizen-objector to challenge appellant's independent nominating petitions *(Margolis v Larkin,* 39 AD2d 951, affd 30 NY2d 876). A subscribing witness to an independent nominating petition must not only be a qualified voter of the State but such witness must also be qualified to sign the petition (Election Law, § 138, subds 3 and 10; *Matter of Bristol v Northrup,* 42 AD2d 1027, affd. 33 NY2d 738). Here, the subscribing witness on two of appellant's challenged petitions had previously signed a petition of another candidate for the same office. Accordingly, these petitions are invalid and the 38 signatures thereon cannot be counted. Although appellant contends that his subscribing witness' signature on the petition of another candidate for the same office was unintended, that question, involving as it does issues of credibility, was within the province of Special Term to resolve. In the absence of the 38 signatures contained on the two petitions involved in this appeal, appellant lacks the requisite number of signatures to obtain a place on the November ballot. Therefore, the judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.