### (October 21, 1976)

In the Matter of G. David De Bruin, Appellant, v Mary R. McGee et al., Respondents. (Action No. 1.) (And Two Other Actions.)—In consolidated proceedings to (1) invalidate petitions designating Mary Rose McGee as the candidate of the Independence Party in the general election to be held on November 2, 1976 for the public office of Member of the Assembly for the 8th Assembly District, and (2) to validate the said petitions, the appeal is from a judgment of the Supreme Court, Suffolk County, dated October 23, 1976, which, *inter alia,* (1) dismissed the proceedings to invalidate the petitions, (2) granted the petition to validate the said petitions and (3) directed the Board of Elections to validate the petitions. Judgment reversed, on the law, without costs or disbursements, and the petitions are invalidated. The findings of fact are affirmed. Taken together, subdivisions 3 and 10 of section 138 of the Election Law require the invalidation of signatures on an independent nominating petition where the subscribing witness thereto had previously signed a valid designating petition of another party for the same office *(Matter of Goodman v Board of Elections of City of N. Y.,* 40 AD2d 663, affd 31 NY2d 763; cf. *Matter of Kornfeld v Coveney,* 49 AD2d 955). Hence, the 150 signatures here involved should have been invalidated, which leaves the petition short of the required 1,500 valid signatures. In addition, 120 signatures on sheets on which the subscribing witness had failed to list his correct election district or assembly district should also have been invalidated (see *Matter of Clune v Hayduk,* 34 NY2d 965; *Matter of Maurin v Allis,* 28 AD2d 810, affd 20 NY2d 671). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.