■ In the Matter of MARGARET M. WHITE, Appellant, v EVERETT F. McNAB et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents.—In consolidated proceedings to (1) invalidate petitions designating Paul E. Harenberg as the candidate of the Independence Party in the general election to be held on November 2, 1976 for the public office of Member of the Assembly for the 5th Assembly District, and (2) to validate the said petitions, the appeal is from a judgment of the Supreme Court, Suffolk County, dated October 13, 1976, which (1) dismissed the proceeding to invalidate the petitions, (2) granted the petition in the proceeding to validate the said petitions and (3) directed the Board of Elections to validate the petitions. Judgment reversed, on the law, without costs or disbursements, and the petitions are invalidated. The findings of fact are affirmed. Taken together, subdivisions 3 and 10 of section 138.of the Election Law require the invalidation of signatures on an independent nominating petition where the subscribing witness thereto had previously signed a valid designating petition of another party for the same office *(Matter of Goodman v Board of Elections of City of N. Y.,* 40 AD2d 663, affd 31 NY2d 763; cf. *Matter of Kornfeld v Coveney,* 49 AD2d 955). Hence, the 78 signatures here involved should have been invalidated. Furthermore, 45 signatures obtained by a subscribing witness who inserted the incorrect election district in the witness clause should also have been invalidated, which leaves the petition short of the required 1,349 valid signatures (see *Matter of Clune v Hayduk,* 34 NY2d 965; *Matter of Maurin v Allis,* 28 AD2d 810, affd 20 NY2d 671). Finally, over 200 signatures on sheets with uninitialed and undated alterations in the witness statement are defective (see *Matter of Marcatante v Lundy,* 8 Misc 2d 313, affd 4 AD2d 883, revd 3 NY2d 913). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.