### (August 23, 1978)

■ COUNTY OF FRANKLIN, Respondent, v WILLIAM G. CONNELIE et al., Appellants.—Motion by respondent to dismiss appeal taken as of right and for other relief. Motion granted, without costs, only to the extent that the appeal taken as of right from the order dated June 8, 1978 is dismissed. Appellants' time to move for permission to appeal shall begin to run upon service of the order dismissing the appeal with written notice of entry (CPLR 5514, subd [a]; cf. *Matter of Park East Corp. v Whalen*, 38 NY2d 559, 560). Motion in all other respects denied. Greenblott, J. P., Kane, Staley, Jr., and Herlihy, JJ., concur; Main, J., dissents and votes to grant the motion in its entirety. [95 Misc 2d 189.]

### (August 24, 1978)

■ In the Matter of PAUL F. WOLFE, Respondent, v REMO J. ACITO et al., Constituting the New York State Board of Elections, Respondents, and PIERRE L. ALRIC, JR., Appellant.—Appeal from a judgment of the Supreme Court at Special Term entered August 18, 1978 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, seeking to declare valid the designating petition designating petitioner as a candidate of the Democratic Party for the office of Member of the Assembly in the 109th Assembly District in the September 12 primary election. The sole issue raised on this appeal is whether Special Term lacked jurisdiction to entertain this proceeding to validate petitioner's designating petition because, concededly, the order to show cause with accompanying petition was not served in the manner provided for in the order. Service of the order and the papers upon which it was granted were directed to be served upon appellant Alric (a) personally at his residence in the Town of Johnstown, New York, or (b) by leaving a copy with a person of suitable age and discretion at his residence, or (c) by affixing a copy to the door of his residence. The appellant was personally served in Albany. The judgment must be affirmed. Appellant's reliance on *Matter of Bruno v Ackerson* (39 NY2d 718) is misplaced. In *Bruno* the show cause order provided for service upon the respondent by "nail" and "mail". Actual service was made by "mail" and by delivery to respondent's wife at their place of residence. The methods were conjunctive and cumulative. No alternate method of service was authorized. The service provisions of the order were not carried out. The defect was jurisdictional. Here, the order to show cause provided for alternate means of service. Any one of those methods would satisfy the requirements of the order. The appellant was served personally in Albany. The site of the service is irrelevant and not violative of the "Mode of service provided for in the order to show cause" *(Matter of Bruno v Ackerson, supra)*. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.

