(October 29, 1981)

■ In the Matter of GAY W. KENDALL, Respondent, v WALTER JABLONSKI et al., Constituting the Board of Elections of the County of Dutchess, et al., Respondents, and ROBERT J. MONTGOMERY et al., Appellants. — In a proceeding to, *inter alia,* invalidate the independent nominating petitions designating Robert J. Montgomery, William E. Otto, Sr., and Raymond Eaton as candidates for the Independent Citizens Party for the positions of Supervisor and two Councilmen, respectively, of the Town of Beekman, in the General Election to be held on November 3, 1981, the candidates appeal from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated October 15, 1981, which granted the application. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed and the board of elections is directed to place the names of Robert J. Montgomery, William E. Otto, Sr., and Raymond Eaton on the appropriate ballot. Petitioner sought to invalidate the nominating petitions of the appellants, three candidates for certain public offices of the Town of Beekman, on the basis that two of the candidates, Montgomery and Otto, who acted as subscribing witnesses to the independent nominating petitions, were not qualified to act in that capacity by virtue of their having previously voted at the Town Republican Caucus for the same offices. Special Term agreed and invalidated the petitions. Subdivision 1 of section 6-140 of the Election Law provides, *inter alia,* that independent nominating petitions shall be witnessed by "a duly qualified voter of the state *** who also is qualified to sign the petition." Subdivision 1 of section 6-138 of the Election Law states, with respect to the qualifications of those signing such independent petitions, that, "the name of a person signing such a petition *** shall not be counted, if such person voted at a primary election where a candidate was nominated for an office for which such petition purports to nominate a candidate". Subdivision 9 of section 1-104 of the Election Law states that "The terms 'primary' or 'primary election' mean *only the mandated election* at which enrolled members of a party may vote for the purpose of nominating party candidates and electing party officers" (emphasis added). Although the Election Law requires that party nominations for candidates for town offices in any town in a county having a population in excess of 750,000 inhabitants, shall be made at a primary, there is no such requirement for those towns in counties with a lesser population. Rather, in those towns nominations are to be made in the manner prescribed by the rules of the county committee (Election Law, § 6-108). One manner of candidate selection which could be prescribed by the rules of the county committee, and which was chosen in this case, is a caucus. In view of the latitude accorded the county committees this alternative means of selecting candidates cannot be considered a mandatory election within the meaning of subdivision 9 of section 1-104 of the Election Law. Therefore, the disqualification, as witnesses, of those individuals who have voted at a primary (which is defined in a very limited fashion), does not extend to those individuals who have voted in caucuses, and accordingly, the appellant candidates' nominating petitions should not have been invalidated. County Attorney Stephen J. Wing purports to appear on behalf of Commissioners of Election Jablonski and Hodos, as appellants. Said commissioners not having appealed, nor having authorized an appearance by the County Attorney on their behalf, neither they nor he have any standing on this appeal. However, this court, in its discretion, has permitted the County Attorney to appear as *amicus curiae* on his own behalf and accepts his brief in such capacity. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.