■ In the Matter of JOHN L. LAVELLE et al., Appellants-Respondents, v ANNA M. GONZALEZ, Respondent-Appellant, and MATTEO LUMETTA et al., Constituting the Board of Elections of the City of New York, Respondents. — In a proceeding to invalidate the petition designating Anna M. Gonzalez as a candidate in the election to be held on May 3, 1983 for the office of member of the New York City Community School Board, District 32, the petitioners appeal from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated April 6, 1983, which, after a hearing, *inter alia,* denied the application, and the candidate Anna M. Gonzalez cross-appeals from so much of said judgment and the decision upon which it was entered as purportedly invalidated signatures subscribed by witnesses who previously signed another petition. Cross appeal dismissed, without costs or disbursements. No appeal lies from a decision and the respondent-appellant is not aggrieved by the judgment (CPLR 5511). The issues raised on the cross appeal are brought up for review and have been considered on petitioners' appeal from the judgment (CPLR 5501, subd [a]). Judgment reversed, on the law, without costs or disbursements, application granted and designating petition invalidated; the board of elections is directed to remove the name of Anna M. Gonzalez from the ballot for the position in question. Special Term erred in validating the approximately 40 signatures which were obtained by subscribing witnesses on the same date that those witnesses signed another candidate's petition. Section 2590-c (subd 6, par [31]) of the Education Law renders the Election Law applicable with respect to nominations of candidates for community school boards. Subdivisions 2 and 3 of section 6-132, subdivision 2 of section 6-138 and subdivisions 1 and 2 of section 6-140 of the Election Law all require a subscribing witness to be qualified to sign the petition he or she carries. Where a qualified voter signs more than one petition for the same office, subdivision 5 of section 6-134 of the Election Law commands that only the earlier dated signature be counted and, where those signatures bear the same date, that neither signature be counted (see, also, Education Law, § 2590-c, subd 6, par [3]). The result is that no signatures witnessed by one who has previously or concurrently signed another candidate's petition can be counted, since the subscribing witness is then unqualified to act as such. As invalidation of the

signatures in question leaves the candidate with less than 200 valid signatures, her designating petition must be invalidated (see *Matter of Gartner v Salerno,* 74 AD2d 958, mot for lv to app den 49 NY2d 704; *Matter of White v McNab,* 54 AD2d 746). Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.