■ In the Matter of ANTHONY J. SINAGRA, Respondent, v JOHN J. HOGAN et al., Constituting the Ulster County Board of Elections, et al., Respondents, and JOSEPH R. McGRANE, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered October 17, 1983 in Ulster County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the nominating petition naming respondent Joseph R. McGrane as candidate of the Independent Taxpayer Party for the office of Kingston city alderman-at-large in the November 8, 1983 general election. Two qualified individuals witnessed a Democratic Party designating petition for respondent Joseph R. McGrane, candidate for the position of alderman-at-large in the City of Kingston. The same two individuals subsequently witnessed an independent nominating petition naming McGrane as a candidate for said office on behalf of the Independent Taxpayer Party. Neither of the individuals who witnessed both McGrane's designating and nominating petitions signed any petitions, except in the capacity of a witness. Petitioner challenged McGrane's independent nominating petition on the basis that the two individuals could not serve as witnesses for both the designating and nominating petitions. Special Term agreed and declared the nominating petition invalid. This appeal by respondent McGrane ensued. The basis for Special Term's decision that a witness to a designating petition could not also serve as a witness to a nominating petition

---

for the same candidate to the same office was a difference in the language found in the statutory provisions governing the two types of petitions. In order to be a witness to a designating petition, a person must be qualified to sign the petition (Election Law, § 6-132, subd 3). A person is not qualified to sign a designating petition if he or she has already *signed* the designating petition of another candidate or slate of candidates for the same office (*Matter of Gartner v Salerno,* 74 AD2d 958, mot for lv to app den 49 NY2d 704; see Election Law, § 6-134, subd 5). To be a witness to an independent nominating petition, a person must be qualified to sign the petition (Election Law, § 6-140, subd 1). A person is not qualified to sign an independent nominating petition if his or her name *appears* upon another designating or nominating petition for the same office (Election Law, § 6-138, subd 1). Special Term held that use of the word "appears" rather than "signed" was deliberate and that the Legislature intended the more general word "appears" to include those situations where a person acted as a witness in addition to those where the participation was as a signatory to a petition. We disagree. In light of the fact that there is no prohibition to a person being a witness to the designating petitions of two *different* candidates for the same office, we find no valid purpose which will be furthered by a construction of the relevant statutory provisions which prohibit someone from acting as a witness to the designating and nominating petitions of the *same* candidate. Use of the word "appears" in the statute defining those persons qualified to sign nominating petitions predates the current recodified version of the Election Law and can be traced to a period of time when witnesses to a nominating petition were not required to be qualified to sign the petition as a signatory (see Election Law, former § 138, subds 3, 6, as repealed by L 1971, ch 1093). Therefore, we do not attribute any conscious intent on the Legislature's part to the continued use of the word "appears" rather than "signed" following 1971 amendments to the Election Law which required, for the first time, that witnesses to an independent nominating petition be qualified to sign the petition (see Election Law, former § 138, subd 3, as enacted by L 1971, ch 1093 and repealed by L 1976, ch 233, § 6). In our view, the result sought to be achieved by the Legislature was the invalidation of signatures on an independent nominating petition where the subscribing witness had previously signed a designating petition for the same office as a signatory (see *Matter of De Bruin v McGee,* 54 AD2d 745, affd 40 NY2d 909). We therefore find no impediment to a person acting as a witness to both the designating and independent nominating petitions for the same candidate. Special Term's judgment must, accordingly, be reversed and the petition dismissed. Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.