(March 13, 1986)

■ In the Matter of DONALD D. W. LYNCH, Appellant, v SHIRLEY HUESTED et al., Constituting the Board of Elections of the County of Rockland, et al., Respondents.—In a proceeding to invalidate the petition of the Village People Party nominating Charles G. Cross as a candidate for the public office of Mayor of the Village of South Nyack, Caroline Leiser and Richard C. Royster as candidates for the public office of Trustee of that village, and Lee A. Hoffman, Jr., as a candi-

date for the public office of Village Justice of that village in the general village election to be held on March 18, 1986, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated March 11, 1986, which dismissed the petition

Judgment affirmed, without costs or disbursements.

The petitioner challenges those signatures on the independent nominating petition in question that were witnessed by persons who had previously voted in the caucus of one or another of several political parties which nominated candidates for the same offices. Relying on *Matter of Lavelle v Gonzalez* (59 NY2d 670, *affd* 93 AD2d 896), the petitioner argues that since these witnesses were ineligible to sign the petition *(see,* Election Law § 15-108 [9] [d]), they were also ineligible to act as witnesses.

The holding in *Matter of Lavelle v Gonzalez (supra),* is based on Election Law article 6, which governs elections, *inter alia,* for State, county, and city offices and congressional and State legislative elections *(see,* Election Law § 6-136 [2]). Village elections, however, are governed by Election Law article 15. Insofar as is pertinent here, the provisions of Election Law article 15 control when they are inconsistent with those of article 6 (Election Law § 15-100). Unlike the corresponding provision of Election Law article 6, which requires that an authenticating witness be "a duly qualified voter of the State * * * [who] also is qualified to sign the petition" (Election Law § 6-140 [1]), article 15 only requires that the witness be a "duly qualified voter" (Election Law § 15-108 [4]).

We consider this disparate treatment to be neither accidental nor, as urged by the petitioner, unconstitutional. A prohibition against allowing someone who has already signed a petition for a candidate (or who has voted in a primary or caucus) to sign another petition for the same office furthers the justifiable State interest of limiting each voter to one *vote* per office *(American Party v White,* 415 US 767, 785; citing *Jackson v Ogilvie,* 325 F Supp 864, 867, *affd* 403 US 925). The witness to a nominating signature, however, performs a different role. Like a notary public or commissioner of deeds, the witness's job is to verify that the persons whose signatures appear on the petition did indeed sign the petition in the witness's presence and that they subscribed to the truth of the statements they made therein *(cf.* Election Law § 6-140 [2]). Allowing the same person to vote once in one place and to authenticate signatures elsewhere in the same contest does not implicate the one-person-one-vote doctrine.

Since Election Law § 15-108 (4), on its face, clearly omits the requirement that a witness to a nominating petition for a general village election be qualified to sign that petition, Special Term correctly dismissed the petition. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.