(April 18, 1986)

■ RATEPAYERS AGAINST LILCO, INC., Appellant-Respondent, v DONALD R. BLYDENBURGH, Respondent-Appellant, et al., Defendant. (Matter No. 1.) In the Matter of DONALD R. BLYDENBURGH, Respondent-Appellant, et al., Petitioner, v WILLIAM J. CANARY, JR., et al., Respondents, and BARBARA BARNETT et al., Appellants-Respondents. (Matter No. 2.) In the Matter of DONALD R. BLYDENBURGH, Respondent-Appellant, et al., Petitioner, v WILLIAM J. CANARY, JR., et al., Respondents, and BARBARA BARNETT, Appellant-Respondent. (Matter No. 3.) —In three consolidated matters, i.e., (1) an action to enjoin the defendant Blydenburgh, his agents and employees from using the name "Concerned Citizens Against LILCO Party", (2) a proceeding to validate a petition nominating Donald R. Blydenburgh as a candidate of the Concerned Citizens Against LILCO Party in a special election to be held on May 6, 1986, for the public office of Suffolk County Legislator for the Sixth Legislative District, and (3) a proceeding to invalidate a petition nominating Barbara Barnett as a candidate of the Ratepayers Against LILCO Party in the special election to be held on May 6, 1986 for the public office of Suffolk County Legislator for the Sixth Legislative District, in which Barbara Barnett counterclaimed to validate her nominating petition, Ratepayers Against LILCO, Inc., Barbara Barnett and Francis Lupardo appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated April 7, 1986, which, *inter alia,* validated Donald R. Blydenburgh's nominating petition, and Donald R. Blydenburgh cross-appeals from stated portions of said judgment

which, *inter alia,* granted Barbara Barnett's counterclaim in matter No. 3 to validate her nominating petition.

Judgment affirmed insofar as appealed from, without costs or disbursements.

There is no merit to Barnett's contention that an individual's participation at a caucus constitutes an act which will disqualify that individual from witnessing signatures on a nominating petition governed by Election Law article 6 for the same office from another party *(see, Matter of Kendall v Jablonski,* 84 AD2d 586; *but see, Matter of Lynch v Huested,* 118 AD2d 674, concerning nominations for village offices under Election Law art 15). Accordingly, nisi prius did not err in precluding the admission of evidence which Barnett alleged would have proven that some of the authenticating witnesses for Blydenburgh's petitions on the Concerned Citizens Against LILCO line had previously voted in the Republican caucus for the same office.

Matter No. 1, which was commenced pursuant to General Business Law § 133, was properly dismissed as it was not commenced by an aggrieved candidate or by the chairman of any party committee or independent body, but by Ratepayers Against LILCO, Inc. We agree with the finding at nisi prius that Ratepayers Against LILCO, Inc., did not have standing to bring the action *(see,* Election Law § 16-104 [1]).

We have considered the issue raised on the cross appeal and find it to be without merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.