(October 14, 1987)

■ In the Matter of CHARLES McLIVERTY, Respondent, v SANDRA LEFEVER et al., Respondents, and JAMES L. CASEY, Appellant.—In a proceeding pursuant to Election Law § 16-102 to validate petitions designating Charles McLiverty as a candidate of the Town Party for Supervisor of the Town of Orangetown, the appeal is from an order and judgment (one paper) of the Supreme Court, Rockland County (Stolarik, J.), entered September 8, 1987, which granted the petition.

Ordered that the order and judgment is affirmed, without costs or disbursements.

Although we affirm the order and judgment appealed from, we do so on grounds different from those articulated by the Supreme Court.

Initially, we find the Supreme Court to have erroneously

validated the signatures witnessed by James Murphy. The Election Law requires the disqualification of signatures on an independent nominating petition where the subscribing witness thereto has previously signed a *valid* designating petition of another party for the same office *(Matter of De Bruin v McGee,* 54 AD2d 745, *affd* 40 NY2d 909; *see also, Matter of Sinagra v Hogan,* 97 AD2d 643, *affd* 60 NY2d 811; *Matter of Lavelle v Gonzalez,* 93 AD2d 896, *affd* 59 NY2d 670). The petitioner argues that although Murphy had previously acted as a signatory on the petitioner's Republican Party designating petition, Murphy was not a registered Republican and, therefore, his signature was invalid. This argument, however, ignores the specific wording of Election Law § 6-138 (1) which states that a signature will not be counted only if the person's name "appears upon another valid and effective petition". There is no claim here that the Republican Party petition which Murphy signed was invalid and Election Law § 6-154 (1) provides that a petition is "presumptively valid if it is in proper form and appears to bear the requisite number of signatures". This validity can only be destroyed where a challenge is brought on particularized grounds *(see, Matter of Brosnan v Black,* 104 AD2d 469). Since Murphy's name appeared on a valid and effective petition of the Republican Party for the same office and was never challenged, he was disqualified from acting as a subscribing witness on the Town Party petition and the signatures he witnessed were properly invalidated by the Board of Elections.

Although the Supreme Court, Rockland County, did not reach the other grounds upon which signatures on the petition were invalidated by the Board of Elections, the record reveals that as to one of these grounds the facts are undisputed. Accordingly, we can reach the issue raised thereby. Both parties concede that another subscribing witness, Frank Gandolfo, failed to designate his post-office address as Pearl River in the subscribing witness statement on two of the petition sheets although he set forth his street address and that he resided in the Town of Orangetown. The question is whether this omission is fatal. The information required as to a witness's residence and post-office address is for the purpose of facilitating the processing of the petition by the Board of Elections and to ease the task of one checking the witness's qualifications *(see, Matter of Ferris v Sadowski,* 45 NY2d 815, 817). It is undisputed that Pearl River, Gandolfo's post-office address, is merely an unincorporated area within the Town of Orangetown and that mail addressed to him bearing only the

designation "Orangetown" would be received by him. Since there is no claim that the address provided in the petition is incorrect, misleading or confusing *(Matter of Regan v Toole, 104 AD2d 728; Matter of Brewster v Cayuga County Bd. of Elections, 83 AD2d 983)* or that the defect would lead or tend to lead to misidentification or confusion on the part of those seeking to verify his qualifications, the Gandolfo petition sheet should not be invalidated *(Matter of Ferris v Sadowski, supra, at 817)*.

The validation of the signatures witnessed by Frank Gandolfo provides the petitioner with more than the number of signatures needed to be placed on the ballot. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.