(October 21, 1994)

■ In the Matter of CESARE DEFEO, Respondent, v CAROLEE C. SUNDERLAND et al., Respondents, and REGINALD LAFAYETTE, as City Clerk of the City of Mount Vernon, Appellant. [617 NYS2d 827] —In a proceeding to compel the appellant to place a proposed amendment to the Charter of the City of Mount

Vernon on the ballot of the General Election to be held on November 8, 1994, the appeal is from a judgment of the Supreme Court, Westchester County (Barone, J.), dated October 6, 1994, which, *inter alia,* granted the application.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the proceeding is dismissed, and the Westchester County Board of Elections is directed to remove the proposed charter amendment from the appropriate ballot.

The petitioner, pursuant to Municipal Home Rule Law § 37, submitted two petitions to the City Clerk's office seeking to have a proposed charter amendment placed on the ballot for the upcoming November 8, 1994, General Election. However, several of the subscribing witnesses to the second petition were also signatories to the first petition, in violation of Municipal Home Rule Law § 37 (7). Thus, their signatures and the signatures they witnessed were invalid, thereby reducing the number of valid signatures below the amount needed *(see,* Municipal Home Rule Law § 24 [1]; § 37; Election Law § 6-140 [witness must be duly qualified to sign the petition]; *Matter of Sinagra v Hogan,* 97 AD2d 643, *affd* 60 NY2d 811; *Bartolomeo v Acito,* 65 AD2d 660; *Matter of Doran v Scranton,* 49 AD2d 976). Accordingly, the Supreme Court improperly directed that the proposed charter amendment be placed on the ballot. We need reach no other arguments. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.