(December 29, 1994)

■ In the Matter of T. CHILDREN, Alleged to be Neglected. BETTY T., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [621 NYS2d 25] —Order of the Family Court, Bronx County (Paul H. Grosvenor, J.), entered on or about January 5, 1994, which, after a fact-finding hearing, dismissed neglect petitions brought by the petitioner Commissioner of Social Services of the City of New York against the respondent mother, Betty T., unanimously reversed, on the law and facts, and the petitions remanded for another fact-finding hearing before another Judge of the Family Court, without costs or disbursements.

Before a finding of neglect can be made in a child protective proceeding, pursuant to article 10 of the Family Court Act, there must be a preponderance of evidence which shows that the child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care * * * in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment * * * or by any other acts of a similarly serious nature requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]).

In this case, the mother alternated in placing the children in foster care and then seeking their return to her, only to again seek to have them re-placed as soon as they became difficult to handle. There was expert testimony that this absence of stability could be "very harmful" to the development of these children. Further there was evidence of physical abuse to the children. While not as severe as many of the abuse cases before the Family Court, this incident of abuse took place in the presence of agency personnel. Thus, the mother was observed stuffing a T-shirt into the mouth of 3 year old Derrick to stop his crying, and handling Champagne, the toddler, in a rough manner (grabbing her by the arm and swinging her), when there was no apparent reason for any discipline at the time.

We find that in discrediting and rejecting the testimony of all the petitioner's witnesses, which included two experts, besides homemakers and case workers, at the same time finding the testimony of the respondent completely candid, the Family Court erred. Although we have the power to make new findings of fact, based upon our review of the record (see, CPLR 5501 [c]; 5712 [c] [2]; Matter of James P., 150 AD2d 240, 242), under the particular circumstances of this case, we have decided that a de novo hearing may better reveal the best interests of the children. Accordingly, we remand for such a new fact-finding hearing before a different Judge of the Family Court. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Tom, JJ.