■ In the Matter of CAROL BERGMANN et al., Appellants, v GERALD BERGER et al., Respondents. [631 NYS2d 183] —In a proceeding to invalidate petitions designating Robert L. La Bua as a candidate in a primary election to be held on September 12, 1995, for the nomination of the Republican Party for the public office of Councilman of the Town of Huntington, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated September 7, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners allege that 1,032 signatures should be stricken on the ground that persons otherwise qualified to circulate the petitions had originally carried petitions for another candidate for Councilman. We agree with the Supreme Court that the "persons circulating multiple petitions acted in

accordance with the Election Law". It is well settled that a person may not be a subscribing witness to a petition after having signed a valid designating petition of another party for the same office (see, Election Law § 6-132 [2], [3]; § 6-134 [5]; *Matter of Sinagra v Hogan,* 97 AD2d 643, 644, *affd* 60 NY2d 811). However, there is no similar statutory provision pertaining to a person acting as a subscribing witness after previously serving as a subscribing witness on petitions of another candidate for the same office and there are witnesses and no clear public policy reasons for precluding a person from witnessing the designating petitions of competing candidates (see, *Matter of Gartner v Salerno,* 74 AD2d 958, 959; *Matter of Sinagra v Hogan, supra).* Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.