■ In the Matter of MIRACLE MAKERS, INC., on Behalf of JAMAL LAVEL Z. and Others, Children Alleged to be Neglected, Respondent, v SONIA J., Appellant. [632 NYS2d 617] —In a guardianship and custody proceeding pursuant to Social Services Law § 384-b, the mother appeals from three orders of the Family Court, Kings County (Pearce, J.), all dated August 6, 1993, which, after fact-finding and dispositional hearings, *inter alia*, found that the children are permantly neglected, terminated her parental rights, and authorized Miracle Makers, Inc., or the Commissioner of Social Services of the City of New York to consent to the adoption of the children.

Ordered that the orders are affirmed, without costs or disbursements.

The three children, who are brothers, were placed in the custodial care of the Commissioner of Social Services of the City of New York on April 6, 1988. They were subsequently placed in foster care under the supervision of Miracle Makers, Inc. (hereinafter Miracle Makers), on January 3, 1989. In May of 1990, Miracle Makers contacted the appellant and told her that she must complete a drug-rehabilitation program and a parenting-skills class before she could be reunited with her children. Despite Miracle Maker's diligent efforts and encouragement, the appellant failed to complete either the drug-rehabilitation program or the parenting-skills class, and she continued to abuse drugs. Based on the appellant's failure to complete a drug-rehabilitation program and her sporadic visits with the children, we conclude that the Family Court did not err in finding the mother had permanently neglected the children (*see, Matter of Hasson B.*, 219 AD2d 649; *Matter of Marcel F.*, 212 AD2d 705; *Matter of Desire Star H.*, 202 AD2d 582). Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.

48 In the Matter of MAY NEWBURGER et al., Appellants, v JOSEPH CAIRO et al., Respondents. [632 NYS2d 623] —In a proceed-

ing to validate petitions nominating May Newburger as a candidate of the New Party for the public office of Supervisor of the Town of North Hempstead, the appeal is from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered September 28, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Signatures on an independent nominating petition must be invalidated where the subscribing witness previously signed, as signatory, a designating or nominating petition "of another party for the same office" (*Matter of McLiverty v Lefever*, 133 AD2d 720, 721; *see also*, Election Law, §§ 6-138, 6-140; *Matter of Sinagra v Hogan*, 97 AD2d 643, 644, *affd* 60 NY2d 811, 813; *Matter of Lavelle v Gonzalez*, 93 AD2d 896, 897, *affd* 59 NY2d 670; *Matter of Bartolomeo v Acito*, 65 AD2d 660, 661; *Matter of Carroll v McNab*, 59 AD2d 727; *Matter of De Bruin v McGee*, 54 AD2d 745, *affd* 40 NY2d 909; *Matter of Doran v Scranton*, 49 AD2d 976; *Matter of Eaton v Monahan*, 72 Misc 2d 676, 678-679).

The Supreme Court properly determined that this restriction is reasonable and nondiscriminatory (*see, Burdick v Takushi*, 504 US 428, 438; *Anderson v Celebrezze*, 460 US 780, 788; *Signorelli v New York State Bd. of Elections*, 195 WL 548712 [ND NY, Sept. 11, 1995, Scullin, J.]), and that the restriction is justified by legitimate State interests (*see, Signorelli v New York State Bd. of Elections, supra; Johnson v Cuomo*, 595 F Supp 1126; *see also, Matter of Eaton v Monahan, supra*).

No ambiguity is created by the use of the word "appears" in Election Law § 6-138 (*see, Matter of Sinagra v Hogan*, 97 AD2d 643, *supra*). The Supreme Court properly declined to determine the petitioner's remaining contention in light of the paucity of the record before it.

Since 1,439 signatures were witnessed on the nominating petitions by persons who previously signed Democratic Party designating petitions for the same office, the signatures on the nominating petitions were properly disqualified and the proceeding was properly dismissed. We reach no determination regarding the disqualification of the remaining 2 signatures on the ground that the witnesses signed their own nominating petitions as this issue was not raised on appeal. Mangano, P. J., Ritter, Santucci and Krausman, JJ., concur.