(October 15, 1996)

■ In the Matter of MARCELLINE HASKELL et al., Appellants, v LAWRENCE QUINN, as Troy City Clerk, Respondent. [649 NYS2d 483] —Per Curiam. Appeal from an order of the Supreme Court (Harris, J.), entered October 9, 1996 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Municipal Home Rule Law § 24 (1) (a), to declare valid a petition filed with respondent for a referendum on a proposed local law to amend the Troy City Charter.

Two petitions were circulated and filed with respondent in reference to a proposed local law amending the Troy City Charter in Rensselaer County. The second petition was rejected by respondent on September 26, 1996 because it did not satisfy the requirement of Municipal Home Rule Law § 37 (7) that the second petition be signed "by qualified electors who did not sign the original petition". On October 1, 1996, petitioners obtained an order to show cause and service was effected on respondent on October 2, 1996 pursuant to its terms.

Even accepting petitioners' contention that the proceeding was timely commenced, we agree with Supreme Court that respondent properly refused to rule the second petition valid. Municipal Home Rule Law § 24 (1) (a) requires that the petition's signatures "be signed and authenticated in the manner provided by the election law for the signing and authentication of nominating petitions". Election Law § 6-140 (1) (b), which deals with nominating petitions, requires that a witness who signs the petition be a "duly qualified voter of the state

and who also is qualified to sign the petition". Thus, a person who is not qualified to sign a petition is not qualified to sign as a witness. Here, several of the subscribing witnesses to the second petition were also signatories to the first petition, in violation of the provisions of Municipal Home Rule Law § 37 (7). Therefore, their signatures and the signatures they witnessed were invalid, thereby reducing the number of valid signatures below the minimum amount required (*see, Matter of Defeo v Sunderland*, 208 AD2d 786, *lv denied* 84 NY2d 806). Given these facts, Supreme Court properly refused to grant petitioners' request to direct the placement of the proposed charter amendment on the ballot for the November 5, 1996 general election.

Mikoll, Mercure, Crew III and Peters, JJ., concur; Cardona, P. J., not taking part. Ordered that the order is affirmed, without costs.