■ In the Matter of APRIL B., a Child Alleged to be Permanently Neglected. LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY B., Appellant. [663 NYS2d 458] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of disposition adjudicating her child to be permanently neglected and terminating her parental rights. Respondent contends that petitioner, Livingston County Department of Social Services (DSS), failed to establish by clear and convincing evidence that: it made diligent efforts to aid respondent; respondent failed to plan for the future of the child; and respondent is mentally retarded and suffers from a mental illness that renders her unable to parent the child. We disagree.

An agency is required only to make reasonable attempts "to assist, develop and encourage a meaningful relationship between parent and child" (Social Services Law § 384-b [7] [f]); the agency is not mandated to succeed in its efforts (see, Matter of Jamie M., 63 NY2d 388, 393). Here, the efforts of DSS to assist respondent in obtaining parental training, visitation with the child, and counseling for her mental health problems were frustrated by respondent's uncooperative and noncompliant conduct, and DSS cannot be faulted for its meaningful efforts to foster the parental relationship (see, Matter of Richard X., 226 AD2d 762, lv denied 88 NY2d 808; Matter of St. Christopher O., 204 AD2d 765, 766, lv denied 84 NY2d 805). The failure of respondent to attend required programs, her hostility toward DSS caseworkers and the neglect/foster care process and her poor visitation record support Family Court's finding of permanent neglect (see, Matter of Miracle Makers v Sonia J., 220 AD2d 593; Matter of Matthew C., 216 AD2d 637, 638). Additionally, DSS established by uncontroverted expert testimony

that respondent suffers from a mental illness and that she is mentally retarded, that her mental illness and retardation are permanent and that the child would be at risk if placed in respondent's care (*see, Matter of Jarred R.*, 236 AD2d 888; *Matter of Lonette Monique C.*, 236 AD2d 880).

Respondent failed to preserve for our review her contention that the court erred by failing to conduct a hearing before issuing its order of disposition (*see, Matter of Brian QQ.*, 166 AD2d 749, 750; *Matter of Sharon P. I.*, 153 AD2d 942, 943). In any event, her contention lacks merit. A dispositional hearing is not required in the circumstances of this case (*see, Matter of Joyce T.*, 65 NY2d 39, 46; *Matter of Joseph R.*, 191 AD2d 1034, 1035). (Appeal from Order of Livingston County Family Court, Cicoria, J.—Terminate Parental Rights.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.