■ In the Matter of RUTHANNE F. and Others, Children Alleged to be Neglected. CAYUGA COUNTY HEALTH AND HUMAN SERVICES DEPARTMENT, Respondent; TINA F. et al., Appellants. [695 NYS2d 831] —Order unanimously affirmed without costs. Memorandum: Family Court's determination that the physical, mental or emotional condition of respondent Tina F.'s two-year-old son was in imminent danger of becoming impaired as a result of respondents' failure to exercise a minimum degree of care (*see,* Family Ct Act § 1012 [f] [i]) and that respondents' other children were derivatively neglected by respondents (*see, Matter of Dutchess County Dept. of Social Servs. v Douglas E.,* 191 AD2d 694) is supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]). The record establishes that respondents routinely confined the two-year-old in a straightjacket-like device throughout the night and refused to allow the other children to comfort him when he cried. That conduct demonstrates a fundamental defect in respondents' understanding of the duties of parenthood (*see, Matter of Brandiwell K.,* 247 AD2d 931). Contrary to respondents' conten-

tions, expert testimony is not necessary to establish neglect (*see, Matter of Lonell J.*, 242 AD2d 58, 61), and the statutory requirement of "imminent danger" (Family Ct Act § 1012 [f] [i]) does not require proof of actual injury (*see, Matter of Madeline R.*, 214 AD2d 445, 446). We reject the contention of respondents that their voluntary discontinuation of the offensive practice precludes a finding of neglect (*see, Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J.*, 87 NY2d 73, 80). The out-of-court statements of the children were corroborated by respondents' admissions, and the children's statements corroborated each other (*see, Matter of Nicole V.*, 71 NY2d 112, 118-119, 124). We have considered respondents' remaining contentions with respect to the fact-finding hearing and conclude that they are without merit. Respondents failed to preserve for our review their contentions concerning the informal nature of the dispositional hearing (*see, Matter of April B.*, 242 AD2d 926, 927; *Matter of Vitti v Vitti*, 202 AD2d 917, 919; *Matter of Michelle S.*, 195 AD2d 721, 722). (Appeal from Order of Cayuga County Family Court, Corning, J.— Neglect.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.