◼ In the Matter of Scott M. and Another, Children Alleged to be Neglected. Rensselaer County Department of Social Services, Respondent; Debra M., Appellant. [725 NYS2d 444] —Mugglin, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered January 3, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

---

Respondent is the single parent of twin boys who were born in 1990. Both children suffer from severe autism, a congenital mental disability which manifests itself by developmental delays in several areas, including cognition and social behavior. The boys have exhibited various antisocial behaviors, including property destruction, violence toward others and injury to themselves. Starting in 1994, petitioner has, through a variety of developmental disability social workers and child protective services caseworkers, assisted respondent by locating and providing appropriate aid, including a respite service. Despite these efforts, it became increasingly difficult for respondent to care for the boys, and she became more anxious and frustrated by the effort. Finally, in May 1998, respondent voluntarily placed the children in a residential facility, which action was deemed advisable by petitioner's child protective workers in view of the increasing inability of respondent to psychologically cope with and address the ungovernable behavior of the boys.

Thereafter, in response to respondent's repeated insistence that the children be withdrawn from the residential facility and returned to her custody, petitioner commenced this proceeding pursuant to Family Court Act article 10 seeking an adjudication that the boys were neglected, thereby enabling their continued placement at the facility. Following a fact-finding hearing, Family Court adjudicated the children as neglected within the meaning of Family Court Act § 1012 (f) (i) (B), finding that the boys would be subjected to a substantial risk of harm if returned to respondent's custody. Respondent appeals contending that Family Court's adjudication is not supported by a preponderance of the evidence.

We affirm. In this type of proceeding, neglect must be established by a preponderance of the evidence (see, Family Ct Act § 1046 [b]; *Matter of Tammie Z.*, 66 NY2d 1, 3). The record establishes an incident in which respondent admitted to substituting her medication for a prescribed medication for one of the boys (claiming that her medication was better suited to his needs); an incident where respondent administered unacceptable corporal punishment (by punching one of the boys in the mouth); an incident where, to discipline him, she locked one of the boys outside her residence, when he was wearing no coat and the temperature was in the 30s; and respondent's increasing level of frustration and anxiety due to her inability to control the boys' behavior and to address their special and particular needs, such that her own psychological well-being was in doubt. In challenging the sufficiency of the evidence, respondent does not dispute that these events occurred, arguing,

instead, that since the boys were essentially unharmed by these events, neglect has not been proven.

The definition of a "neglected child," as set forth in Family Court Act § 1012 (f) (i) (B), is as follows:

"a child less than eighteen years of age

"(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care * * *

"(B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or *a substantial risk thereof*" (emphasis supplied).

Pursuant to this definition, a child may be adjudicated neglected without proof of actual injury so long as a preponderance of the evidence supports a finding that the child was placed in "imminent danger" of physical harm (*see, Matter of Ruthanne F.*, 265 AD2d 829, 830). Moreover, children such as these who have special needs are uniquely vulnerable, and this factor must be taken into account by Family Court in assessing whether their parents' neglect has subjected them to a substantial risk of harm (*see, Matter of Sayeh R.*, 91 NY2d 306, 315). Contrary to respondent's contention, a finding of neglect requires "[n]o showing of past or present harm to the children" (*Matter of Madeline R.*, 214 AD2d 445, 446). It is sufficient if a preponderance of the evidence demonstrates "parental failure to exercise a minimum degree of care, impairment or imminent danger of impairment to the child, and a causal connection between the two" (*Matter of Jessica R.*, 230 AD2d 108, 111; *see, Matter of T. Children*, 210 AD2d 187).

While we are mindful of the progress that respondent has made in addressing the special needs of the boys in preparation for their return, we agree with Family Court that the consistent and unrefuted testimony of the caseworkers and health care providers clearly establishes that respondent's children were repeatedly endangered by her conduct.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.