(October 16, 2001)

■ In the Matter of CARMEN RUE, Respondent, v TIMOTHY HILL et al., Constituting the Board of Elections of Sullivan County, Respondents, and ANTHONY P. CELLINI et al., Appellants. [731 NYS2d 506] —Per Curiam. Appeal from a judgment of the Supreme Court (Kane, J.), entered September 26, 2001 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petitions naming various respondents as the Equal Justice Party candidates for certain offices in the Town of Thompson in the November 6, 2001 general election.

Petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the independent nominating petitions of respondents Anthony P. Cellini, Martin S. Miller, Donald S. Price, Michael J. Hoyt, William J. Rieber, Jr.,

Constance Keller and Michael Bernstein (hereinafter collectively referred to as respondents), who are Equal Justice Party candidates for various elected offices in the Town of Thompson, Sullivan County. Specifically, petitioner alleged that the Equal Justice Party independent nominating petitions witnessed by, among others, Keller and Bernstein were invalid in that Keller and Bernstein previously had signed designating petitions for Democratic Party candidates in violation of Election Law §§ 6-138 and 6-140 (1) (b). Respondents answered and asserted, *inter alia*, lack of personal jurisdiction. Supreme Court granted petitioner's application, prompting this appeal by respondents.

We affirm. Initially, we reject respondents' claim that Miller and Rieber were not served in compliance with the order to show cause and, hence, Supreme Court lacked personal jurisdiction. To be sure, the case law makes clear that jurisdiction is not acquired in a proceeding under the Election Law "unless the methods of service designated by the court are strictly complied with" (*Matter of Millar v Tolly*, 252 AD2d 872, 873). Indeed, the Court of Appeals has held that "[a]ctual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service" (*Markoff v South Nassau Community Hosp.*, 61 NY2d 283, 288; *see, Turley v State of New York*, 279 AD2d 819, *lv denied* 96 NY2d 708). In our view, however, service was effectuated in the manner set forth in the order to show cause and, therefore, personal jurisdiction was acquired.

The order to show cause specified that service upon respondents be made by sending a copy thereof by first class mail to "the address of each such respondent set forth in the petition filed with the Board of Elections by the Equal Justice Party." Although respondents do not dispute that Miller and Rieber indeed were served by first class mail, they contend that such service nonetheless was defective due to the fact that the respective address labels bore incorrect or incomplete addresses.[1] We cannot agree. The record establishes that Miller and Rieber were in fact served by the mode of service provided for in the order to show cause—namely, first class mail (*see, Matter of*

---

1. As recited in respondents' answer, service was made upon Miller at "124 Gregory Road, Monticello, New York 12701" when the address for such candidate as set forth in the independent nominating petition was "124 Gregory Road, *PO Box 1126*, Monticello, New York 1270[1]" (emphasis supplied). Similarly, service was made upon Rieber at "412 Wild Turnpike Road, PO Box 394, *Rock Hill*, New York 12775," while the address set forth in the independent nominating petition was "412 Wild Turnpike Road, PO Box 394, *Monticello*, New York 1270[1]" (emphasis supplied).

*Wolfe v Acito*, 64 AD2d 948, *lv denied* 45 NY2d 708)— notwithstanding the claimed defects in their respective addresses. As there is nothing in the record to suggest that such irregularities rendered the relevant documents undeliverable (*compare*, *Avakian v De Los Santos*, 183 AD2d 687), we conclude that petitioner complied with the service requirements set forth in the order to show cause and, as such, Supreme Court acquired personal jurisdiction.

Turning to the merits, respondents argue that the independent nominating petitions witnessed by Keller and Bernstein should not be invalidated in their entirety simply because Keller and Bernstein each previously signed a Democratic Party designating petition for one of the elected offices depicted thereon.[2] In other words, respondents assert that the signatures witnessed by Keller and Bernstein on the independent nominating petitions for the Equal Justice Party candidates are invalid only as to those offices for which Keller and Bernstein signed a Democratic Party designating petition; as to the remaining slate of Equal Justice Party candidates, the argument continues, the signatures witnessed by Keller and Bernstein are valid. This argument, while novel, ignores the plain language of Election Law §§ 6-140 and 6-138.

Election Law § 6-140 (1) (b) provides that a valid independent nominating petition "shall [have] appended at the bottom of each sheet a signed statement of a witness who is a duly qualified voter of the state *and who also is qualified to sign the petition*" (emphasis supplied). Whether a particular individual is qualified to sign a petition, in turn, is governed by Election Law § 6-138 (1), which provides that a signature "shall not be counted if the name of a person who has signed such a petition appears upon another valid and effective petition designating or nominating the same or a different person for the same office." Read together, these statutory provisions make clear that "a person who is not qualified to sign a petition [as a signatory] is not qualified to sign as a witness" (*Matter of Haskell v Quinn*, 232 AD2d 724, 725, *lv denied* 88 NY2d 816). Thus, once Keller and Bernstein signed a Democratic Party designating petition for their respective council offices, they were disqualified from signing, as signatories, the independent nominating petition of the Equal Justice Party petition bearing those same offices. As they were not qualified to sign such peti-

---

2. Keller signed Bernstein's Democratic Party designating petition for the office of "Councilman—2 years," and Bernstein signed a Democratic Party designating petition upon which Keller's name appeared for the office of "Councilman—4 years."

tion as signatories, they were not qualified to sign the petition as subscribing witnesses pursuant to Election Law § 6-140 (1) (b) (*see, id.*; *Matter of Newburger v Cairo*, 220 AD2d 593, 594, *appeal dismissed and lv denied* 86 NY2d 860; *Matter of McLiverty v Lefever*, 133 AD2d 720, 721; *Matter of Doran v Scranton*, 49 AD2d 976). In short, as both Election Law § 6-140 (1) (b) and the cited case law speak to the validity of the petition as a whole, we simply are not persuaded that the Election Law permits a witness to validate signatures on a petition in the piecemeal fashion advocated by respondents.

As to respondents' challenge to the constitutionality of Election Law §§ 6-138 and 6-140, respondents conceded at oral argument, as they did before Supreme Court, that the constitutionality of these provisions previously has been upheld (*see, Matter of Zobel v New York State Bd. of Elections*, 254 AD2d 520; *Matter of Newburger v Cairo, supra*). Contrary to respondents' assertion, our recent decision in *Matter of La Brake v Dukes* (286 AD2d 554, *affd* 96 NY2d 913) does not mandate a contrary result here, as the residency requirement set forth in Election Law § 6-132 (2) and challenged in *La Brake* is not implicated in the instant proceeding.

Cardona, P. J., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.