■ In the Matter of KATLYN GG. et al., Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINE GG., Appellant. [770 NYS2d 204]—

Crew III, J.P. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered April 1, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

On July 25, 2001, Family Court signed an order to show cause providing, insofar as is relevant to this appeal, that respondent's companion, Michael Block, was to have no further contact with respondent's two daughters. The order stemmed from an incident that occurred two days earlier when Block, who was residing with respondent and her children, initiated a verbal confrontation with and allegedly threatened to kill respondent's former husband. This incident was witnessed by respondent's children. Although respondent admittedly was served with Family Court's order on or about July 27, 2001, she continued to reside with Block and permit him access to and contact with her daughters until July 30, 2001.

Petitioner thereafter commenced this proceeding pursuant to Family Ct Act article 10 alleging, inter alia, that respondent neglected her children by cohabiting with Block despite having reason to believe that Block had neglected his own children, allowing the children to witness the altercation between Block

and their father and continuing to grant Block access to her children after receipt of Family Court's order prohibiting all such contact. Following a hearing, Family Court adjudicated respondent's children to be neglected, finding that respondent's conduct placed the children in imminent danger of physical, emotional and/or mental harm. As to disposition, Family Court permitted respondent to retain custody of her children, placed respondent under the supervision of the Rensselaer County Department of Social Services for a period of 12 months and issued an order of protection prohibiting any contact between Block and respondent's children. This appeal ensued.

We affirm. A "neglected child" is defined, in part, as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). In this regard, the case law makes clear that "[a]ctual injury or impairment need not be found, as long as a preponderance of the evidence establishes that the child is in 'imminent danger' of either injury or impairment" (*Matter of Katie R.*, 251 AD2d 698, 699 [1998], *lv denied* 92 NY2d 809 [1998]; *see Matter of Megan G.*, 291 AD2d 636, 637 [2002]; *Matter of Scott M.*, 284 AD2d 589, 591 [2001]). Based upon our view of the record as a whole, we are satisfied that this standard was met here.

Although respondent testified that she was not aware prior to July 2001 that a finding of neglect had been entered against Block with regard to his own children, she nonetheless was aware as early as April 2001 that Block's contact with his children was limited to supervised visitation and that an order of protection had been entered against him with regard to his ex-wife. This knowledge, as Family Court aptly observed, should have been sufficient to prompt respondent to take appropriate steps to protect her children from any harmful or neglectful acts by Block—particularly after she witnessed the altercation that Block initiated with her ex-husband on July 23, 2001. Even setting aside these "red flags," respondent nonetheless admits that she received and "skimmed" Family Court's July 25, 2001 order prohibiting contact between Block and her children. Although respondent professed ignorance as to the terms thereof, the relevant portion of the order could not be more clear—Block was to have no contact, direct or indirect, with respondent's children. Nonetheless, respondent and the children continued to reside with Block until July 30, 2001, when she was confronted at her residence by one of petitioner's caseworkers. In view of

Block's conduct and the terms of Family Court's order, with which respondent plainly did not comply, we cannot say that Family Court erred in concluding that respondent neglected her children by placing them in imminent danger of physical, mental and/or emotional harm. Accordingly, Family Court's order is affirmed.*

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note in passing that even after respondent was confronted at trial with the finding of neglect against Block due to excessive corporal punishment of his children, his acts of anger against his ex-wife and the fact that he had spent time in jail, respondent nonetheless stated that, but for Family Court's July 2001 order, she would continue to allow Block access to and contact with her children. Although respondent subsequently recanted, Family Court remained troubled by her apparent refusal to acknowledge the threat that Block posed to her children's safety—as are we.